UNITED STATES, Appellee

v

DAVID J. WEINSTEIN, Airman First Class,
U. S. Air Force, Appellant

19 USCMA 29, 41 CMR 29

No. 21,909

October 17, 1969

*Harold Lee Schwab, Esquire,* argued the cause for Appellant, Accused. With him on the brief were *Emile Z. Berman, Esquire, A. Harold Frost, Esquire,* and *Colonel Bertram Jacobson.*

*Lieutenant Colonel Robert W. Vayda* argued the cause for Appellee, United States. With him on the brief was *Colonel James R. Thorn.*

### Opinion of the Court

QUINN, Chief Judge:

A general court-martial at Spangdahlem Air Base, Germany, convicted the accused of acts of misconduct involving marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. On this appeal, he contends that the court-martial had no jurisdiction over the offenses under O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), and that the evidence is insufficient to support the findings of guilty.

The offenses occurred in a foreign country and are not contrary to American civilian penal stat ██ utes having effect in Germany. Consequently, the constitutional limitation on court-martial jurisdiction delineated in the *O'Callahan* case is inapplicable. See United States v Goldman, 18 USCMA 389, 40 CMR 101.

Part of the assignment of error dealing with sufficiency of the evidence is concerned with the credibility of several Government witnesses and 'contradictions between their testimony and that of the accused. The credibility of a witness and determination of facts from conflicting evidence are normally questions for the triers of the facts. United States v Baldwin, 17 USCMA 72, 77, 37 CMR 336. By their respective findings, the court-martial and the appellate authorities having fact-finding powers have resolved credibility and the conflict in evidence against the accused. The testimony of the Government witnesses is not so inconsistent, self-contra-dictory, or uncertain as to justify disregard thereof as a matter of law. United States v Scales, 10 USCMA 326, 27 CMR 400. The remainder of the accused's attack on the validity of the findings of guilty deals with the sufficiency of evidence to identify the substance he possessed, smoked, and transferred as marihuana on the occasions specified in the allegations. No expert testimony as to the content of the cigarettes was presented to the court-martial. However, on each occasion that the accused constructed a cigarette from a green tobacco-like substance, he variously described the material as "grass," "pot," and "good stuff," and he called the cigarette a "roach." All these words are indica-

tive of marihuana. The accused kept the green substance he used for the cigarettes in a matchbox and he retained the residue left from unsmoked cigarettes. The substance had a different aroma and color from ordinary tobacco.

The accused contends that similar evidence was held to be insufficient to establish the nature of the substance in Cook v United States, 362 F2d 548 (CA 9th Cir) (1966). The reasoning of *Cook* was rejected by the Court of Appeals for the Second Circuit in United States v Nuccio, 373 F2d 168, footnote 4 (CA 2d Cir) (1967), certiorari denied, 387 US 906, 18 L Ed 2d 623, 87 S Ct 1688 (1967), rehearing denied, 389 US 889, 19 L Ed 2d 199, 88 S Ct 16 (1967). We also do not agree with it. Moreover, *Cook* is inconsistent with our opinion in United States v Villasenor, 6 USCMA 3, 11, 19 CMR 129, in which we held that a writing by an accused at the time of performance of an act may serve to identify the contents of a sealed envelope. It is also inconsistent with United States v Smith, 17 USCMA 55, 60, 37 CMR 319, which held that the label on a sealed carton is evidence of its content. ██ In our opinion, a contemporaneous declaration as to the nature of a substance by a person using the material, and who may be presumed to know its nature, is evidence of the identity of the substance. We conclude that the evidence is sufficient to support the findings that the substance used and possessed by the accused was marihuana.

The decision of the board of review is affirmed.

Judges FERGUSON and DARDEN concur.