### UNITED STATES

v.

Airman Basic Joseph A. GUZMAN, FR 148–52–4403 3382d School Squadron Keesler Technical Training Center (ATC).

### ACM S24515.

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 May 1977.

Decided 14 Sept. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris, Captain Thomas S. Markiewicz and Major Martin F. McAlwee, USAFR.

relating to improper accumulation or saving up of charges and consolidation of charges.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., Major Alvin E. Schlechter and Lieutenant Colonel Michel Levant, USAFR.

Before ABRAMS, EARLY and FORAY, Appellate Military Judges.

### DECISION

ABRAMS, Chief Judge:

Consistent with his plea, the accused was convicted of unlawfully receiving and selling stolen property, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. However, despite a plea to the contrary, he was also convicted of using marijuana, in violation of the same general article. The approved sentence extends to bad conduct discharge, forfeiture of $249.00 per month for three months, and confinement at hard labor for a like period.

The three errors asserted by the accused in his request for appellate representation are without merit. Additionally, appellate defense counsel urge that the accused's conviction for using marijuana should be overturned on the basis of insufficient evidence. We disagree.

According to the evidence, Airmen Hart and Boyle, recent arrivals at Keesler Air Force Base, were assigned on 18 April 1977 to perform squadron details with the accused and Airman Remhild. Neither Hart nor Boyle had known their co-workers prior to that date. After spending the morning moving furniture at the dental clinic, the four airmen were driven to the dining hall for lunch. During the conversation at the table, Boyle indicated that he had an automobile. The accused then asked him if he would drive the accused off base to the Arcade to "cop a bag." The Arcade is an amusement area commonly known to be frequented by drug users. Boyle, who had been warned upon his arrival at Keesler to stay away from the Arcade, avoided a direct answer. The accused then stated that he and Remhild were going outside to smoke a "joint." Both Boyle and Hart declined the accused's invitation to join them. Boyle and Hart stayed at the table for a brief, but unspecified time, then left the dining hall with the ambulance driver who was to take them back to the clinic. They found Remhild and the accused waiting for them by the ambulance.

Upon arriving at the clinic, they learned that they still had about twenty minutes before the detail was to resume work. The four of them left the clinic and walked across an open field for the purpose of making some purchases at a nearby base exchange annex. Boyle and Hart walked approximately two paces in front of Remhild and the accused. Boyle heard the accused ask Remhild if he had brought "junior" with him. Remhild then pulled a plastic bag from his left shirt pocket and withdrew from the bag a short, handrolled cigarette with the ends twisted closed. He handed the cigarette to the accused who lit it. As they walked, Remhild and the accused passed it back and forth, each taking turns smoking it. Both Boyle and Hart recognized the aroma to be marijuana. When Airman Boyle had attended junior college, a controlled burn of marijuana had been made in class to acquaint students with the aroma. He had also smelled burning marijuana during the several months he had worked as a volunteer with a police narcotics investigator. Hart had become acquainted with the smell of burning marijuana in high school where he had taken a course on drugs.

The accused did not testify. However Airman Remhild, called as a defense witness, denied smoking any marijuana with the accused on the day in question. According to him, when they were walking across the field, the accused had trouble lighting a cigarette due to the wind. Remhild lit one of his own and passed it to the accused. The cigarette was not referred to as "junior."

The government, in turn, called three witnesses who testified as to Remhild's poor reputation for truthfulness.

Both at trial and upon appeal the defense relied heavily upon our unpublished decision in *United States v. Paulin*, No. 22132 (un-

1064

published) (A.F.C.M.R. 9 February 1977). The defense maintains that the government's case consists solely of lay testimony identifying the aroma of a smoking cigarette and they assert that this Court, in *Paulin*, held that to be insufficient to support a conviction. We disagree both as to their assessment of the evidence and as to the conclusion they reach regarding the significance of the *Paulin* decision.

In *Paulin, supra,* the Court, in weighing the evidence,[1] determined that the identification of the substance smoked as marijuana, solely on the basis of two security policemen's recognition of the aroma, was insufficient to convince the Court beyond a reasonable doubt of the accused's guilt. Chief Judge LeTarte, the author judge, reaffirmed that a nonexpert witness may give his opinion as to the identity of a drug when his familiarity therewith has been established. *United States v. Smith*, 3 U.S. C.M.A. 803, 14 C.M.R. 221 (1954); *United States v. Jackson*, 49 C.M.R. 881 (A.F.C.M. R.1975), pet. denied, 50 C.M.R. 904 (1975); *United States v. Richards*, 47 C.M.R. 544 (A.F.C.M.R.1973); *United States v. Quindana*, 12 C.M.R. 790 (A.F.B.R.1953). He questioned, however, without deciding as a matter of law, whether a conviction can be based solely upon a layman's recognition of the aroma of burning marijuana.

This specific issue has not been resolved by any appellate military tribunal. The courts of New York and Ohio give support to the contention of appellate defense counsel. They refuse to rest a conviction solely on a young person's belief that he can recognize marijuana by sight and aroma. *People v. Kenny*, 30 N.Y.2d 154, 331 N.Y.S.2d 392, 282 N.E.2d 295 (1972); *State v. Maupin*, 42 Ohio St.2d 473, 330 N.E.2d 708 (1975). Although *Kenny* was cited in a decision of a United States Court of Appeals, it did not indicate approval or disapproval of the rule, stating it was unnecessary to decide on the facts before it. *United States v. Honneus*, 508 F.2d 566, 776 (1st Cir. 1974).

We believe, however, that the rule followed in California is more realistic, and does not offend any legal principle or guideline. It holds that the testimony of an experienced witness, based upon odor and appearance of a cigarette, is sufficient to establish that it was, in fact, a marijuana cigarette. *People v. Marinos*, 260 Cal. App.2d 735, 67 Cal.Rptr. 452 (1968). Under military law, an experienced witness may give his opinion as to an individual's state of inebriation or the speed of a vehicle. Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 138e. Furthermore, a conviction can be supported solely upon such evidence. *United States v. Lawe*, 4 U.S.C.M.A. 654, 16 C.M.R. 228 (1954), see *United States v. Lawrence*, 18 C.M.R. 855 (A.F.B.R.1955). It is consistent to apply this principle to the identification of marijuana.

In the instant case, both witnesses against the accused were experienced with respect to the aroma of burning marijuana. In both cases, they had smelled burning marijuana during a controlled burn in school. Whether such evidence, standing alone, is sufficient to support a conviction will have to wait for later decisions. We disagree with the contention of appellate defense that the testimony of Boyle and Hart concerning their olfactory sensations stands unsupported.

Less than half an hour prior to the smoking incident which gave rise to the charge under attack, the accused solicited Boyle to assist him in purchasing marijuana. The accused then left the dining hall, giving as his reason the desire to smoke a "joint." Although these declarations did not occur simultaneously to the smoking of the questionable cigarette, they were close enough in time as to have probative value regarding the identity of the substance smoked shortly thereafter. See *United States v. Weinstein*, 19 U.S.C.M.A. 29, 41 C.M.R. 29 (1969); *United States v. Jackson, supra*; *United States v. Paulin, supra.* Corroboration is also found in the description of the cigarette; its removal from a plastic bag,

1. Article 66(c), Uniform Code of Military Justice.

rather than a cigarette pack; the way it was smoked; as well as its moniker of "junior", which is hardly the usual term applied to cigarettes sold in exchanges, tobacco stores, and vending machines.

We conclude, therefore, that the admissible evidence concerning the identification of the cigarette smoked by the accused as containing marijuana, based upon its aroma, is amply corroborated by the tenor of the accused's conversation in the dining hall, as well as the facts and circumstances concerning the appearance of the cigarette and the manner in which it was used. Accordingly, the approved findings of guilty and sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

EARLY, Senior Judge, and FORAY, Judge, concur.