UNITED STATES, Appellee,

v.

Specialist Four Ronald R. JENKINS, SSN 460–74–7381, United States Army, Appellant.

SPCM 12879.

U. S. Army Court of Military Review.

31 July 1978.

Captain R. Wade Curtis, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Major Buren R. Shields, III, JAGC, Captain Peter V. Train, JAGC, and Captain Willard E. Nyman, III, JAGC.

Captain Richard A. Cefola, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Richard A. Kirby, JAGC.

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

## OPINION OF THE COURT

CLAUSEN, Chief Judge:

Appellant was found guilty, contrary to his pleas, of three specifications alleging the wrongful sale and one specification alleging wrongful transfer of marihuana. He was sentenced to a bad-conduct discharge, three

months confinement, forfeiture of $249.00 pay per month for three months, and reduction to the grade of Private E–1.

The green vegetable matter obtained from appellant during each transaction was forwarded from the local CID office to the crime laboratory at Fort Gordon, Georgia, for analysis. Accountability for the evidence in each instance was maintained by use of a chain of custody form. Because the Court of Military Appeals has recently spoken on the subject of the chain of custody in drug cases, *United States v. Nault*, 4 M.J. 318 (C.M.A.1978), we ordered supplementary briefs on this issue.

As to the delicts alleged in Specifications 1, 2, and 3, we find a fatal break in the chain of custody. Testimony revealed that there were two mail clerks working at the Fort Gordon laboratory, one of whom received the evidence pertaining to these three sales from the mail, and the other of whom released the evidence to the marihuana examiner for analysis. The chain of custody form did not establish transmittal of the evidence from one clerk to the other, nor was there any other evidence to "bridge the gap" in the chain of custody.[1] Consequently, the real evidence and the identifying laboratory reports pertaining to these offenses should not have been admitted. Unlike the case of *United States v. Watkins*, 5 M.J. 612 (A.C.M.R.1978), there is no conclusive testimony in this record by a qualified witness, *aliunde* the inadmissible laboratory report, that identifies the substance obtained from appellant as marihuana.[2] The convictions as to these specifications must therefore fall.

As to Specification 4, a different result prevails. The chain of custody form

1. The Government cannot rely, in such a situation, solely upon the presumption that a law enforcement officer has properly maintained custody of real evidence. *United States v. Nault*, 4 M.J. at 320 n.8.

2. We do not consider appellant's assertion that he was selling marihuana as sufficient, standing alone, to establish the nature of the substance. The cases that use an accused's characterization of a particular substance as evidence of that substance's identity all involve

additional facts which corroborate that identity. *See United States v. Weinstein*, 19 U.S.C. M.A. 29, 41 C.M.R. 29 (1969); *United States v. Guzman*, 3 M.J. 1062 (A.F.C.M.R.1977); *United States v. Jackson*, 49 C.M.R. 881 (A.F.C.M.R. 1975); *United States v. Kaetzel*, 48 C.M.R. 58 (A.F.C.M.R.1973); *United States v. Coen*, 46 C.M.R. 1201 (N.C.M.R.1972); *United States v. Villamil-Durand*, 46 C.M.R. 1070 (A.F.C.M.R. 1973).

for the evidence as to this offense also reflects a break in the chain of custody, but one which did not occur until after laboratory analysis had been completed. Whatever the impact of this defect upon the admissibility at trial of the actual vegetable material which appellant sold,[3] the chain of custody form was sufficient to supply the logical connection between the substance as it was when sold by appellant and as it was when analyzed by the crime laboratory. *See United States v. Barr,* 1 M.J. 1015 (N.C. M.R.1976). For this reason, and for the reasons stated in *United States v. Porter,* 5 M.J. 759 (A.C.M.R.1978), we hold that the chain of custody form pertaining to Specification 4 was properly admitted in evidence.

When a chain of custody form has been properly completed and received in evidence,[4] it creates a presumption that the chain of custody of the evidence described therein was properly maintained. This presumption having arisen as to Specification 4 in this case by virtue of our holding above, we now confront the issue of whether the presumption has been rebutted by the testimony of the marihuana examiner who analyzed the evidence in this case. This analyst testified that a colleague obtained the evidence [5] from the crime laboratory's mail room, signed the chain of custody form, and brought the suspect matter to the lab, where both the analyst and his colleague inventoried it. The analyst then took possession of the evidence, performed the usual tests, and detected the presence of marihuana. We find nothing in the testimony concerning the handling of the evidence by the analyst or his colleague which rebuts the presumption created by the chain of custody form. Nor is the presumption rebutted by testimony that the four small bags had apparently come open at some point between their sale by appellant and their receipt by the lab analyst, with resultant commingling of spillage from these bags within the brown paper bag.[6] The law does not preclude the prosecution from establishing a complete chain of custody merely because the spillage of fungible evidence has occurred within a protective container during the handling or mailing of evidence. Indeed, such a minor change in the condition of the exhibit is one which the prosecution would be virtually powerless to prevent or explain. Instead, the following test has been established:

> The Government in order to satisfy its obligations as to a proffered examination need not exclude all possibilities of tampering. They need only satisfy the trial judge that in reasonable probability the article has not been changed in any important respect.

*United States v. Martinez,* 43 C.M.R. 434, 437 (A.C.M.R.1970). *See also United States v. S.B. Penick and Co.,* 136 F.2d 413 (2d Cir. 1943); *United States v. DeLarosa,* 450 F.2d 1057 (3d Cir. 1971); *United States v. Stevenson,* 445 F.2d 25 (7th Cir. 1971); *West v. United States,* 359 F.2d 50 (8th Cir. 1966), *cert. denied,* 385 U.S. 867, 87 S.Ct. 131, 17 L.Ed.2d 94 (1966); *Gallego v. United States,* 276 F.2d 914 (9th Cir. 1960); *Pasadena Re-*

---

3. The alternate evidence custodian described how regulations would permit the creation of an apparent break on the face of the chain of custody form when evidence was released for trial by the alternate evidence custodian during a brief absence by the primary custodian. Assuming, without deciding, that this testimony failed to "bridge the gap" on the face of the form, we find no risk of prejudice to appellant from the admission of the actual vegetable substance where there was other clear and convincing evidence of the appearance and volume of the substance and where the paper bag and plastic bags in the exhibit were identifiable by markings that had been placed thereon by the CID.

4. Appellant's civilian defense counsel stipulated at trial that this exhibit was an official record.

5. The evidence consisted of four small plastic bags of vegetable matter contained within the brown paper bag in which appellant had placed it at the time of the sale, all of which was packaged within a large self-sealed plastic evidence bag.

6. Although the analyst's testimony referred to this condition as "contamination," it is clear from his testimony that he used this word to describe the admixture of vegetable matter from distinct bags and not to imply that the nature of the substance had been changed.

*search Laboratories v. United States,* 169 F.2d 375 (9th Cir. 1948), *cert. denied,* 335 U.S. 853, 69 S.Ct. 83, 93 L.Ed. 401 (1948); *Gass v. United States,* 135 U.S.App.D.C. 11, 416 F.2d 767 (1969).

Applying this rule to the instant case, we hold that the presumption of a proper chain of custody was not rebutted by the laboratory analyst's testimony and that the laboratory report concerning Specification 4 was properly received in evidence.

The findings of guilty of Specifications 1, 2, and 3 are set aside and those charges are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $249.00 pay per month for two months, and reduction to the grade of Private E–1.

Senior Judge CARNE and Judge COOK concur.