UNITED STATES, Appellee,

v.

Specialist Five Gary WHITE, U. S. Army, Appellant.

No. 36,495.

CM 436301.

U. S. Court of Military Appeals.

Aug. 4, 1980.

For Appellant: *Captain Alan W. Schon* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims, Major Lawrence D. Galehouse, Captain Larry D. Anderson* (on brief).

For Appellee: *Major Douglas P. Franklin* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major David McNeill, Jr., Captain William J. Douglas* (on brief).

Opinion of the Court

FLETCHER, Judge:

Contrary to his pleas the appellant was found guilty of four marihuana offenses in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. In partic-

ular, he was convicted of possession and sale of marihuana on December 30, 1975, and of similar offenses on January 5, 1977. He was sentenced by a military judge sitting alone at this general court-martial to a dishonorable discharge, confinement at hard labor for 3 years, total forfeitures and reduction to the pay grade of E–1. The convening authority approved the sentence, and the United States Army Court of Military Review affirmed the findings and sentence.

The Court granted review on the following two issues:

## I

ABSENT THE TESTIMONY OF THE EXAMINING CHEMIST OR THE STIPULATION OF THE PARTIES AS TO THE IDENTITY OF THE CHARGED SUBSTANCES, APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT OF CONFRONTATION BY THE PROOF OF THE OFFENSES BY THE LABORATORY REPORT ALONE.

## II

THE SUBJECT MATTER OF PROSECUTION, THE ALLEGED MARIJUANA, WAS IMPROPERLY ADMITTED INTO EVIDENCE, IN THAT THE GOVERNMENT FAILED TO SHOW A PROPER CHAIN OF CUSTODY FROM THE TIME OF SEIZURE TO THE TIME OF THE LABORATORY TEST.

■ At the outset, we note that a review of the record of trial shows that the trial defense counsel did not object to the introduction of these laboratory reports or request production of the chemist for purposes of cross-examination. In light of our decision in United States v. Strangstalien, 7 M.J. 225 (C.M.A.1979), the first granted issue must be resolved against the appellant.

■ As to the second granted issue, we also find that the appellant is not entitled

to reversal of his conviction. Even accepting the appellant's legal argument,[1] there exists independent evidence in this record of trial upon which a military judge could find beyond a reasonable doubt that the substances he possessed and sold on both these occasions were marihuana. See United States v. McNamara, 7 U.S.C.M.A. 575, 578, 23 C.M.R. 39, 42 (1957). See also Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

Prosecution exhibit 2, which was also admitted at trial, is a typewritten, signed, extrajudicial statement of the appellant given to government agents on January 5, 1977.[2] In this statement appellant admits that he possessed and sold marihuana as charged on December 30, 1976, and January 5, 1977. Such a statement constitutes a confession or, at the very least, a damaging admission by the appellant as to the chemical nature of these substances. See paragraph 140a (1), Manual for Courts-Martial, United States, 1969 (Revised edition). See also McCormick, Evidence §§ 263, 264 (2d ed. 1972).

This admitted extrajudicial statement of the appellant, however, does not stand alone in the record of trial as independent evidence that the charged substances were in fact marihuana. In order for the above statement to be lawfully admitted at appellant's court-martial it must first appear that

> independent evidence, either direct or circumstantial, has been introduced which corroborates the essential facts admitted sufficiently to justify an inference of their truth.

Para. 140a (5), Manual for Courts-Martial, United States, 1969 (Revised edition). See also Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954). Such corroborative evidence is ample in the record of trial.

---

1. In light of our resolution of this case, it is not necessary to determine the merit, if any, of the appellant's evidentiary argument under United States v. Nault, 4 M.J. 318 (C.M.A.1978).

2. The admissibility of this evidence was litigated at trial and resolved in favor of the Government by the military judge. Review of this ruling was not granted by this Court.

First, the appellant's testimony at trial indicates that on both occasions he, an admitted user of marihuana, assumed and treated the substances he possessed and sold as marihuana.[3] *See United States v. Smith,* 3 U.S.C.M.A. 803, 14 C.M.R. 221 (1954). *See also United States v. Fisher,* 7 U.S.C.M.A. 270, 275–76, 22 C.M.R. 60, 65–66 (1956). Moreover, the testimony of the informant and government agent who purchased the marihuana reveal that the appellant made statements contemporaneous with the sales that the substances were marihuana. *See United States v. Weinstein,* 19 U.S.C.M.A. 29, 30, 41 C.M.R. 29, 30 (1969). Finally, two government agents, who established their familiarity with marihuana and had control of these substances immediately after these drug transactions, both testified that based upon their examinations of the bags the

substances therein appeared to be marihuana. Such evidence together with prosecution exhibit 2 is sufficient to sustain appellant's conviction for these drug offenses. *United States v. Seigle,* 22 U.S.C.M.A. 403, 47 C.M.R. 340 (1973).

■ In light of this evidence[4] in the record of trial which is independent of the marihuana actually introduced at trial or the accompanying laboratory reports, we find that, if error occurred, the appellant was not materially prejudiced. *See* Article 59(a), UCMJ, 10 U.S.C. § 859(a).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COOK concur.

---

3. The main defense of the appellant at court-martial was entrapment. He also attempted to qualify this trial testimony by saying that he did not know for a fact that the substances were marihuana.

4. In federal courts, evidence of a chemical analysis of the substances is not essential to a valid conviction for a narcotics offense. *See United States v. Clark,* 613 F.2d 391, 405–06 (2d Cir. 1979); *United States v. Crisp,* 563 F.2d 1242, 1244 (5th Cir. 1977); *United States v. Quesada,* 512 F.2d 1043, 1045 (5th Cir. 1975). *See also United States v. Weinstein,* 19 U.S.C.M.A. 29, 30, 41 C.M.R. 29, 30 (1969).