**UNITED STATES**

v.

**Airman First Class Douglas T. BRACE, FR 281–66–5306 United States Air Force.**

**ACM 23074.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 Jan. 1981.

Decided 22 June 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before EARLY, MILES and KASTL, Appellate Military Judges.

## DECISION

PER CURIAM:

We find court-martial jurisdiction over accused's off base use and possession of marijuana despite defense claims of lack of subject matter jurisdiction.

Consistent with his pleas, the accused was convicted of possession of marijuana with intent to distribute in violation of 21 U.S.C. 841 A and use of marijuana, both offenses being violations of Article 134, 10 U.S.C.A. § 934, Uniform Code of Military Justice. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 18 months, forfeiture of all pay and allowances and reduction to airman basic.

At trial, the accused contested jurisdiction as to both offenses. Before us, the accused claims lack of jurisdiction only as to the use offense.

The accused was an airman assigned as a radar maintenance technician at Laughlin Air Force Base, Texas, a flying training base. In early September, the accused and a companion, another airman from the same squadron, travelled on a six day leave to Big Bend National Park, Texas, some 275 miles from Laughlin Air Force Base, Texas. Coincidentally, shortly before this leave, the accused's squadron commander had specifically discussed with him the need to avoid drug usage or involvement.

While at the National Park, an area of exclusive Federal jurisdiction, the accused and his companion used marijuana and

were apprehended with five pounds of marijuana in their possession. They had planned to bring this marijuana back to the area where they were stationed. After their release by United States Customs authorities, the accused returned to Laughlin Air Force Base. Upon his return, he was promptly relieved of all duties as a radar maintenance technician. Necessarily, other squadron personnel had to perform the accused's former duties.

 In *United States v. Trottier*, 9 M.J. 337 (C.M.A.1980), the United States Court of Military Appeals held that almost every involvement of armed forces personnel with drugs is "service connected" and appropriately the subject of court-martial jurisdiction. We find no reason under the facts of this case to apply any exception to that broad general principle. Indeed, the potential and actual adverse impact of the accused's use and possession of marijuana on military authority, discipline, security, morale, mission and readiness is amply and fully established in the record. Additionally, since the court-martial properly exercised jurisdiction over the possession offense, the principle of judicial economy also justifies trial for the related use offense in the same forum. *Cf. United States v. Lampini*, 11 M.J. 632 (A.F.C.M.R.1981).

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

KASTL, Judge (dissenting):

In *United States v. Trottier*, 9 M.J. 337 (C.M.A.1980), the Court of Military Appeals held that almost every involvement of service personnel with drugs was "service connected" and appropriately the subject of court-martial jurisdiction. However, the Court footnoted a significant caveat:

28. Only under unusual circumstances, then, can it be concluded that drug abuse by a serviceperson would not have a major and direct untoward impact on the military. For instance, *it would not appear that use of marihuana by a serviceperson on a lengthy period of leave away from the military community would have such an effect on the military as to warrant the invocation of a claim of special military interest and significance adequate to support court-martial jurisdiction under O'Callahan.* (emphasis added.)

It is hard to imagine any situation more within that caveat than the present case. In light of *Trottier*, I would dismiss the findings of guilty as to Specification 2 and reassess. *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969).