## UNITED STATES

v.

**Second Lieutenant Gregory FITZHUGH, 431–06–0477FV United States Air Force.**

**ACM 23480.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 Feb. 1982.

Decided 12 Aug. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Willard K. Lockwood.

Appellate Counsel for the Government: Colonel James P. Porter, Colonel Kenneth R. Rengert, Major George D. Cato and Captain David K. Frank, USAFR

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Tried by general court-martial with members, the accused was convicted, despite his pleas, of wrongful use, possession, and transfer of marijuana, and conduct unbecoming an officer in violation of Articles 134 and 133, Uniform Code of Military Justice, 10 U.S.C.A. §§ 934, 933. The approved sentence extends to a dismissal, confinement at hard labor for one year, and total forfeitures.

I

▪ Initially, the accused contests jurisdiction over marijuana offenses which occurred off base, off duty, and involved only civilians who did not live or work on the military installation. This assignment of error is without merit. *United States v. Brace,* 11 M.J. 794 (A.F.C.M.R.1981); *pet. denied,* 12 M.J. 109 (C.M.A.1981); *United*

*States v. Lange,* 11 M.J. 884 (A.F.C.M.R. 1981), *pet. denied,* 12 M.J. 318 (C.M.A.1981); *United States v. Walker,* 12 M.J. 983 (A.F. C.M.R.1982).

## II

■ The accused urges on appeal, that the military judge became a witness for the prosecution as the result of this instruction:

[T]he court is further advised that in order to find the accused guilty of any of the offenses charged, you must find beyond a reasonable doubt not only that the accused possessed, or used, or transferred a particular substance, but also that the substance possessed, used, or transferred was, in fact, marijuana. In so doing, you should consider all the evidence in the case which may aid in the determination of that issue, including the testimony of any witness who may have testified to support the allegation that the substance in question was marijuana.

Now, in that regard, a substance may be identified by a witness as marijuana on the basis of the testimony of a witness who is familiar and experienced with marijuana. The witness need not be a chemist or other expert in the identification of the substance. An experienced witness may identify marijuana on the basis of the effects it has on the user. An experienced witness may identify marijuana on the basis of appearance and smell.

Contemporaneous declaration as to the actual nature of a substance or by a commonly used nickname by a person using or transferring the substance is evidence of the identity of the substance. A witness is competent to give her testimony as to the identity of marijuana if she is an habitual or a limited user.

He views this instruction as amounting to the military judge testifying that the questioned substance was marijuana.

At the outset we note that the only objection at trial to the challenged instruction was that it was "duplicious." The accused never asserted that the instruction disqualified the military judge.

We find the instruction accurately reflects the law. *United States v. Weinstein,* 19 U.S.C.M.A. 29, 41 C.M.R. 29 (1969); *United States v. Walker, supra; United States v. Richards,* 47 C.M.R. 544, 545 (A.F. C.M.R.1973); *United States v. Villamil-Durand,* 46 C.M.R. 1070 (A.F.C.M.R.1973). The military judge did no more than provide the necessary guideposts for informed deliberations on the accused's guilt or innocence. *United States v. Landrum,* 4 U.S.C. M.A. 707, 16 C.M.R. 281 (1954).

## III

To establish that the accused used, transferred and possessed marijuana at divers times during June and July 1981, the Government offered the testimony of Cathy Richards and Marion Bower, two civilian friends of the accused. Richards saw the accused and Bower use, possess and transfer marijuana at the accused's apartment in the latter part of July; she declined, however, to smoke marijuana with them. Bower used marijuana with the accused numerous times during the period alleged, including the incident witnessed by Richards. Both women were familiar with the appearance of marijuana, its odor and the effect it has on the user. Individual defense counsel, a civilian practitioner, did not request an accomplice instruction with regard to Bower's testimony and none was given.

■ The accused maintains since the record established that Mrs. Bower was an accomplice to the accused's acts of misconduct, the military judge erred by failing to instruct *sua sponte* on the weight to be given accomplice testimony. Although he acknowledges that a failure to request an instruction regarding accomplice testimony generally forecloses consideration of this issue on appeal, *United States v. Gilliam,* 23 U.S.C.M.A. 4, 48 C.M.R. 260 (1970); *United States v. Diaz,* 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972), he argues that Bower's testimony was of such "pivotal importance" to the Government's case that the judge's failure to give the instruction *sua sponte* was plain error. *United States v. Young,* 11 M.J. 634 (A.F.C.M.R.1981).

Situations that require a judge to instruct *sua sponte* on the effect of accomplice testi-

mony are exceptional, and the circumstances must be such as to prevent a manifest miscarriage of justice. *United States v. Gilliam, supra.* We find that such circumstances do not exist in this case. First, Mrs. Bower's believability was not seriously attacked. *Cf. United States v. Young, supra.* Second, her testimony as to the episode in late July was corroborated by a witness free of any connection with the accused's use and transfer of marijuana. Finally, the military judge gave full and complete instructions on the credibility of witnesses and their worthiness of belief. Looking at the totality of the record, the military judge did not err by failing to give *sua sponte* an instruction on the effect of accomplice testimony.

## IV

██ Over defense objection the Government offered during sentencing the testimony of the accused's squadron commander, Lieutenant Colonel Paulson, who testified that the accused is a deputy missile crew commander. This position places the accused under the Personnel Reliability Program (PRP) and any drug involvement requires his removal from PRP which he knew. His removal affects crew integrity as a missile crew trains together and generally performs alert duty together.

Appellate defense counsel maintain this testimony was not a proper matter in aggravation, and the military judge erred in permitting Paulson to testify. We do not agree.

After findings of guilty the prosecution may present evidence directly related to the offense so its repercussions may be understood by the sentencing authority. *United States v. Vickers,* 13 M.J. 403 (C.M.A.1982). Clearly, the consequences of the accused's removal from a missile crew and its effect on the military mission are circumstances that the court may consider. For the reasons stated the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.