**UNITED STATES, Appellee,**

*v.*

**Private (E–2) David N. COOPER, SSN 265–35–1825, United States Army, Appellant.**

**SPCM 16680.**

U. S. Army Court of Military Review.

23 Sept. 1982.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Robert C. Rhodes, JAGC, and Captain Peter R. Huntsman, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain David H. Johnson, JAGC, were on the pleadings for appellee.

Before O'DONNELL, LEWIS and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted of disrespect to a commissioned officer, willful disobedience of a commissioned officer's order, willful disobedience of a noncommissioned officer's order, assault and battery, assault on a noncommissioned officer, and possession of marihuana, in violation of Articles 89, 90, 91, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 889, 890, 891, 928 and 934 (1976). His approved sentence provides for a bad-conduct discharge, confinement at hard labor for six months, partial forfeitures for six months, and reduction to Private E–1.

The appellant contends on appeal that the military judge erred by not *sua sponte* dismissing Charge II and its specification, alleging disrespectful language to a commissioned officer, because it is a lesser in-

cluded offense of the willful disobedience of the same officer's order, alleged in Specification 1 of Charge I. The appellant also contends that the evidence was insufficient to support his conviction of the disobedience alleged in Specification 1 of Charge II because the order was superseded before a reasonable time for compliance had elapsed by a second order. We find both assignments of error without merit.

## I. DISRESPECT AND DISOBEDIENCE

■ The disrespect and disobedience charges arose from a confrontation between the appellant and Lieutenant Nichol. Lieutenant Nichol observed the appellant in a common area of the barracks, attired in a bathrobe. Because several dependent wives were in the same area, Lieutenant Nichol considered the appellant inappropriately attired. He approached the appellant and told him to remain near the Charge of Quarters desk. Lieutenant Nichol was not in the appellant's chain of command, and he preferred that corrective action be taken by someone in the appellant's chain of command. Therefore, Lieutenant Nichol told Sergeant Black, the appellant's platoon sergeant, to have the appellant go upstairs and change clothes. Sergeant Black conveyed Lieutenant Nichol's instructions to the appellant, who immediately began to argue with Black. Lieutenant Nichol intervened and said, "Cooper, there's no question about it. You are to go upstairs and change now." The appellant continued to argue and Lieutenant Nichol repeated the order. The appellant asked what regulation prohibited him from being in the orderly room in his bathrobe and Lieutenant Nichol responded, "I'm not worried about the regulation, I'm telling you to go upstairs and change," to which the appellant replied, "If you don't want to answer my question, you must be scared." When Lieutenant Nichol suggested that the appellant take up the matter with his first sergeant, the appellant replied in a loud voice, "What's the matter with you, you must be scared." At this point Lieutenant Nichol ordered the appellant to follow him to the orderly room, and the appellant complied. The appellant was charged with willful disobedience of Lieutenant Nichol's order to "go upstairs and change now," and with using disrespectful language toward Lieutenant Nichol by saying, "What's the matter, are you scared or something? If you don't want to talk to me you must be scared."

We find that the evidence establishes that the appellant's disrespectful conduct was separate from and subsequent to his disobedience of the order to go upstairs and change clothes, and that the order to go upstairs and change clothes was not countermanded by the subsequent order to accompany Lieutenant Nichol to the orderly room, which was issued only after appellant's disobedience of the earlier order had been completed.

## II. POSSESSION OF MARIHUANA

■ This Court specified the issue whether the evidence was sufficient to prove beyond a reasonable doubt that the appellant possessed marihuana. Having considered the briefs of counsel and the evidence of record, we are satisfied that it does.

During a routine inspection on the morning of 20 March 1981, First Sergeant Morgan knocked on the door of a second-floor room occupied solely by the appellant. After he heard the appellant respond, Morgan identified himself. Met with silence, Morgan ordered the appellant to open the door. When he received no response, he attempted to open the door with his pass key, but something prevented the lock from disengaging. Morgan eventually was able to unlock the door, but as he entered the room, someone slammed the door into him, drove him back into the hallway, and again locked and jammed the door. Morgan again tried to unlock the door while ordering the appellant to open it. Staff Sergeant Rucker, the appellant's platoon sergeant on that date, heard the noise and arrived on the scene as Morgan reopened the door and entered the room. Morgan testified that he observed a cloud of smoke and recognized the odor of burning marihuana. A plastic cover had been unfastened from the window and the

room was empty. The first sergeant observed the appellant outside, wearing fatigues and white socks but no boots.

First Sergeant Morgan then instructed Rucker to secure the room while he obtained authorization to search the room. As Morgan was returning to the appellant's room with a search authorization, he saw the appellant and ordered him to return to the room. The appellant reluctantly complied. When they reached the room, Morgan ordered the appellant to stand in the hall. However, the appellant lay in the doorway, preventing Morgan from entering. Eventually the appellant was persuaded to move and Morgan searched the room. In the course of the search he opened a black camera bag which was lying on the appellant's bed. Inside he found no camera but saw seeds and leafy material which he recognized as marihuana. Morgan told Rucker to notify the commander and the military police. At this point the appellant entered the room, closed the door, jammed a metal specialist four rank insignia into the lock, seized the camera bag and fled. The bag and its contents were never recovered, but the substance in the bag formed the basis for the prosecution.

First Sergeant Morgan testified that he had attended three classes presented by the local drug suppression team, at which he was taught to recognize the smell of burning marihuana and to recognize loose marihuana by its appearance. He also testified that he had seized marihuana on "many occasions" and on every occasion the drug suppression team had confirmed that the substance was marihuana.

Staff Sergeant Rucker also testified that he smelled marihuana when he entered the appellant's room. Rucker testified that he had smelled marihuana "several times." However, no further evidence of his qualification to recognize marihuana was introduced.

The appellant testified that there was nothing in the camera case, and no marihuana smoke in his room. He now contends that the evidence is insufficient to establish that he possessed marihuana.

It is well-established that the identity of an illicit substance can be proved without evidence of a chemical analysis. *See United States v. White,* 9 M.J. 168, 170 n. 4 (C.M.A.1980); *United States v. Watkins,* 5 M.J. 612, 614 (A.C.M.R.), *pet. denied,* 5 M.J. 326 (C.M.A.1978); *United States v. Guzman,* 3 M.J. 1062, 1064 (A.F.C.M.R. 1977); *United States v. Clark,* 613 F.2d 391, 405–06 (2d Cir. 1979), *cert. denied,* 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980); *United States v. Crisp,* 563 F.2d 1242, 1244 (5th Cir. 1977); *United States v. Quesada,* 512 F.2d 1043, 1045 (5th Cir.), *cert. denied,* 423 U.S. 946, 96 S.Ct. 356, 46 L.Ed.2d 277 (1975). When the nature of the substance is sought to be proved by the testimony of a lay witness, the extent of the witness's experience and training affects weight but not admissibility. *United States v. Smith,* 3 U.S.C.M.A. 803, 805, 14 C.M.R. 221, 223 (1954); *accord, United States v. Jackson,* 49 C.M.R. 881 (A.F.C.M.R.1975).

The opinion of an experienced noncommissioned officer may be sufficient to establish probable cause for a search. *United States v. Cunningham,* 11 M.J. 242 (C.M.A.1981). We believe that the testimony of a trained and experienced noncommissioned officer regarding the odor and appearance of suspected marihuana also may be legally sufficient to meet the higher standard of proving the nature of the substance beyond a reasonable doubt. *See United States v. Nutter,* 13 M.J. 803 (A.F.C. M.R.1981); *People v. Marinos,* 260 Cal. App.2d 735, 67 Cal.Rptr. 452 (1968), *cited with approval in United States v. Guzman, supra; see also United States v. Jessen,* 12 M.J. 122, 126 (C.M.A.1981) (Everett, C.J., with Cook, J., concurring in the result); *United States v. Ortiz,* 12 M.J. 136, 138 (C.M.A.1981) (Cook, J., concurring in part and dissenting in part). To hold otherwise would ignore the fact that "there is widespread familiarity with the odor of marihuana in those parts of the military community where apparently it is used widely—albeit illegally." *United States v. Cunningham, supra,* 11 M.J. at 247 n. 5.

In this case the court members were satisfied, as we are, that First Sergeant Morgan was sufficiently trained and experienced to recognize the odor and appearance of marihuana. It is reasonable to infer that the cloud of smoke in the appellant's room was produced by the same substance observed by Morgan in the camera bag. The combination of Morgan's testimony regarding the odor of burning marihuana, his opinion concerning the nature of the leafy substance in the camera bag, and the appellant's evasive conduct during the inspection and subsequent search of his room is sufficient to convince us beyond a reasonable doubt that the appellant possessed marihuana at the time and place alleged.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge O'DONNELL and Judge LEWIS concur.