## UNITED STATES

v.

**Sergeant Randall K. HICKMAN, FR 435–84–2803 United States Air Force.**

**ACM 23694.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 Aug. 1982.

Decided 21 Jan. 1983.

---

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain John V. Sullivan, and Captain William Connelly, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

### DECISION

CANELLOS, Judge:

Before a general court-martial consisting of a military judge sitting alone, the accused was convicted, in accordance with his pleas, of use and possession of marihuana and possession of drug paraphernalia. He was also convicted, contrary to his pleas, of transfer of marihuana. The approved sentence extends to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $100.00 per month for six months, and reduction to airman basic.

On appeal, the accused alleges that the court convicted him of transferring marihuana when there was no evidence at trial that the substance transferred was in fact marihuana. We agree.

The prosecution offered the testimony of Airman R, an accomplice, to prove the transfer offense. He testified: the accused and he agreed to "split a bag of marihuana;" the accused was to make the purchase; and on 1 May 1982, the two met at the accused's house where the transfer was made. The accused denied that he had transferred marihuana. The substance which was allegedly transferred was admitted into evidence, without objection. During his testimony, Airman R continually referred to the substance as "marihuana." There was no laboratory report offered to prove that fact; the characteristics of the substance were not testified to, and the qualifications of the witness as to how he knew that the substance was marihuana were not brought to the court's attention. Further, there was no direct evidence that the accused had made statements, contemporaneously with the transfer, admitting that the substance was marihuana.

In order to convict the accused of transfer of marihuana, the prosecution must prove each and every essential element of that offense, beyond a reasonable doubt, including proof that the substance is, in fact, marihuana. It can be proved directly by a chemical analysis; however, such analysis is not absolutely necessary. *United States v. Quesada,* 512 F.2d 1043, (5th Cir.1975), *cert. denied,* 423 U.S. 946, 96 S.Ct. 356, 46 L.Ed.2d 277 (1975). The identity of marihuana may also be proved by circumstantial evidence. *United States v. Agueci,* 310 F.2d 817 (2d Cir.1962), *cert. denied,* 372 U.S. 959, 83 S.Ct. 1016, 10 L.Ed.2d 12 (1963). A lay witness may testify that the substance is marihuana if it is shown that he is familiar with the drug and its properties. *United States v. Jackson,* 49 C.M.R. 881 (A.F.C.M.R.1975). It may also be proved by evidence that the accused made statements, at the time of transfer, that the substance was marihuana. *United States v. Weinstein,* 19 U.S.C.M.A. 29, 41 C.M.R. 29 (1969). However, merely calling the substance "marihuana" at trial is not sufficient. *United States v. Courts,* 4 M.J. 518 (C.G.C.M.R.1977), *aff'd* 9 M.J. 285 (1980).

Our review of the record finds it replete with statements of Airman R and counsel calling the substance involved "marihuana." However, the record contains no articulated basis on which to find that the substance was in fact marihuana. Bald statements and conclusions will not suffice. Although the evidence as to the identity of the substance was surely available to the prosecution, the failure to elicit that evidence on the record makes the case fatally deficient.

We find that an essential element of the offense was not proved at trial, and, as a result, we must disapprove that portion of the findings dealing with the offense of transfer of marihuana on 1 May 1982. Because of our decision, it is not necessary to answer the accused's second assignment of error.

■ Accordingly, only so much of the findings as finds the accused guilty of use and possession of marihuana, and possession of drug paraphernalia, is approved. The remaining findings of guilty are set aside, and, in the interest of judicial economy, are dismissed. We have reassessed the sentence and find appropriate only so much as provides for a bad conduct discharge, confinement at hard labor for four months, forfeiture of $100.00 per month for six months, and reduction to airman basic.

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

HEMINGWAY, Senior Judge and RAICHLE, Judge, concur.