UNITED STATES

v.

**Airman First Class Esther K. HAVENS, FR 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, United States Air Force.**

**ACM 23830.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 4 Nov. 1982.

Decided 17 June 1983.

DENIED as to the remainder. Appellate Defense's Motion for Leave to file Supplemental Brief is GRANTED.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Alexander S. Nicholas and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge:

The accused was convicted, in accordance with her pleas, of using and transferring amphetamines; possessing cocaine, amphetamines and drug abuse paraphernalia; and using marihuana. The approved sentence extends to a bad conduct discharge, confinement at hard labor for two years and three months, total forfeitures and reduction to airman basic.

This Court specified the following issue: DID THE COURT HAVE JURISDICTION TO TRY THE ACCUSED FOR TRANSFERRING AMPHETAMINES AT LINDA, CALIFORNIA, FROM ON OR ABOUT 1 SEPTEMBER 1981 TO ON OR ABOUT 8 MARCH 1982, AS ALLEGED IN SPECIFICATION 1 OF CHARGE I, WHERE THE TRANSFERS WERE OF SMALL AMOUNTS TO CIVILIANS, APPARENTLY NOT CONNECTED WITH THE MILITARY, FOR THEIR OWN PERSONAL USE?

We find that the trial court properly exercised jurisdiction in this case and we affirm.

The accused resided off base in Linda, California. At divers times between 1 September 1981 and 8 March 1982, she had parties at her house, during which the participants used a variety of drugs. On some occasions the accused transferred amphetamines to her guests, who were civilians, not connected with the military. These transfers form the basis for the specification which is the subject of the specified issue.

It is well settled that servicemembers are not subject to trial by court-martial for an offense unless that offense is "service connected." *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). Almost every involvement of service personnel with the commerce in drugs is service connected. *United States v. Trottier*, 9 M.J. 337 (C.M.A.1980). One possible exception might be the sale of a small amount of a drug by a military member to a civilian for the latter's personal use. *United States v. Trottier, supra*, footnote 28; *United States v. Morley*, 43 C.M.R. 19 (C.M.A.1970).

Here the accused was convicted of use and transfer of amphetamines, at a contemporaneous time. The record of trial reveals that the accused used amphetamines, and transferred part of the same

drug to others. Clearly, there existed jurisdiction to try the accused for the use offenses; the only question is could the accused be tried for the connected offense of transfer of amphetamines?

It is noted that the accused did not contest the issue of jurisdiction over the off-base transfer offenses. Failure to raise this issue at trial justifies an inference that there was a factual basis to support a finding of service connection. *United States v. Lockwood,* 15 M.J. 1 (C.M.A.1983). In addition, where there are related offenses, some of which are clearly service connected, there is a military interest in disposing of all those offenses together, and without delay. *United States v. Lockwood, supra, United States v. Brace,* 11 M.J. 794 (A.F.C.M.R. 1981).

We hold, that when drug offenses are inexorably interwoven, and all but one of these offenses are clearly service connected, this offense is likewise subject to trial by court-martial.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, and RAICHLE, Judge, concur.