UNITED STATES

v.

**Captain Michael P. JOHNSON, 432–90–9069 FV, United States Air Force.**

**ACM 24632.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 31 Aug. 1984.

Decided 4 April 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Captain Timothy J. Malloy and Captain Raymond J. Hardy, Jr., USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Joseph S. Kistler.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

## DECISION

### HODGSON, Chief Judge:

The appellant and his wife live in a rural area near Blytheville Air Force Base, Arkansas, and rent a portion of their residence to Andy Chacon, a friend. A search of the appellant's house, on 5 March 1984, by military law enforcement officials disclosed a marijuana plant in the bathroom in the rear of the house, and a marijuana "roach" and two seeds in the living room. Additionally a search of the appellant revealed a portion of a marijuana plant wrapped in a piece of yellow paper in his fatigue pocket. The total amount of the seized marijuana was less than .03 grams and was consumed by laboratory analysis.

During the time the appellant was stationed at Blytheville he befriended two teenage boys who were cousins—Michael Holbrooks and James Luttrull. Apparently, from time to time the youths would come to his house to visit. Both boys testified that they saw the appellant "use marijuana at divers times between 1 May 1983 and 30 November 1983," but neither was able to pinpoint any particular time, i.e., month or day, the alleged use took place. Holbrooks, for example, stated the appellant used marijuana "about six times" during the period. He admitted, however, he told Office of Special Investigation (OSI) agents on 6 March 1984, that the appellant had not used marijuana. Luttrull testified the appellant used marijuana "three or four times during the summer of 1983." Luttrull denied he had used marijuana with the appellant on those occasions and Holbrooks declined to answer any questions on that subject.

On 10 March, Holbrooks and Luttrull broke into the appellant's house who reported it to the police. Both Holbrooks and Luttrull were convicted of burglary and sentenced to three years probation. On 30 March, Holbrooks made a second statement to OSI identifying the appellant as a marijuana user.

The appellant denied using marijuana and had no knowledge of any marijuana being at his house. He stated he "pinched the leaf" found in his pocket from a plant in the living room without knowing what it was.

With the evidence in this state the appellant was convicted by general court-martial with members of using and possessing marijuana. He was sentenced to a dismissal, confinement for six months and forfeiture of all pay and allowances.

## I

Early in the trial the Government, through a motion *in limine*,[1] prevented the

---

1. When faced with a motion *in limine* a trial judge could profit from the general discussion concerning such a motion contained in the 1985 Cumulative Supplement to the Military Rules of Evidence Manual under Rule 609. While the subject there is impeachment by evidence of

defense from presenting evidence of several negative urinalysis tests. On appeal, appellate defense counsel challenge only the trial judge's ruling as to the 14 November 1983 test result which established that the appellant's urine was reported by the Brooks medical laboratory as negative for the presence of tetrahydrocannabinol (THC), an ingredient of marijuana. Studies indicate that THC metabolites can be detected in the urine of marijuana abusers up to nine days after use.[2] Although the Government chose to allege the suspected marijuana abuse as a course of conduct beginning 1 May 1983 and ending 30 November of the same year, the trial counsel argued that evidence of a negative urinalysis during the period alleged was "irrelevant" because only those results where the urine shows 100 or more nanograms of THC per milliliter are considered as "positive" by the Air Force. Thus a "negative" report by the Brooks lab *could* mean anything from 0–99 nanograms of THC and therefore was not a true "negative" finding. The trial judge agreed with the prosecutor and excluded the evidence on the basis that its admission would be misleading and lead to a confusion of the issues. *See* Mil.R.Evid. 403; *see also United States v. Owens,* 16 M.J. 999 (A.C.M.R. 1983).

■ We hold the trial judge abused his discretion in excluding evidence of a negative urinalysis report for the presence of THC submitted on the appellant. The Court of Military Appeals has defined relevant evidence as "any matter of fact the effect, tendency, or design of which, when presented to the mind, is to produce a persuasion concerning the existence of some other matter of fact—a persuasion either affirmative or disaffirmative of its existence." *United States v. Boyd,* 7 U.S. C.M.A. 380, 384, 22 C.M.R. 170, 174 (1956). This traditional view was codified in Mil.R. Evid. 401 where commentators opined that evidence is relevant if it has "any tendency" to make an issue in the case "more or less probable" than it would have been without the evidence. Saltzburg, Schinasi and Schulter, *Military Rules of Evidence Manual,* 1981, pg. 171. In our view a negative urinalysis for marijuana taken during the period an accused is alleged to have used marijuana has a "tendency" to cast doubt on testimony he was seen using marijuana. Assertions by the Government that a "negative finding" does not mean the absence of the substance being tested for goes to the weight, not the admissibility, of such evidence, as the prosecution would be entitled to rebut any false impression created by the evidence. Other than argument of the trial counsel which is not evidence, *see United States v. Barbeau,* 9 M.J. 569 (A.F.C.M.R.1980), there is nothing in this transcript that establishes the appellant's urinalysis was other than "negative" in the absolute sense.

Having decided the trial judge erred in excluding evidence favorable to the appellant, we must now weigh the absence of such evidence as it related to his conviction for using marijuana. Was it harmless error?

■ The facts are not complicated—only contested. The two teenage boys testified that they saw the appellant use marijuana approximately nine times between 1 May and 30 November 1983—neither witness was able to identify a particular month or day. The older boy admitted that during his initial interview with the OSI he stated the appellant had not used marijuana. There was also an indication that the second boy involved was "slow and not very smart." A pivotal issue, of course, is the credibility of the eye witnesses and the motive each might have to testify falsely. In this regard both individuals admitted that the appellant had been instrumental in their arrest and conviction for burglary. Against this backdrop of prosecution evidence we have a categorical denial by the

---

conviction of crime, the general guidance could be helpful in any situation where a motion *in limine* is offered.

**2.** *See* Drug Abuse and Alcoholism Newsletter, Vol XII, No. 3, Vista Hill Foundation, May 1983.

appellant that he had used marijuana at any time and the refusal of the trial judge to admit evidence bolstering this claim. As we stated, the credibility of witnesses is a crucial issue, and evidence supporting the appellant's testimony that he was not a drug abuser could have tipped the scales in his favor. *United States v. Browder*, 19 M.J. 988 (A.F.C.M.R.1985). We can not say the judge committed harmless error. In the decretal paragraph of this decision we will fashion a remedy.

## II

Military Rule of Evidence 608(c) states: (c) *Evidence of bias.* Bias, prejudice, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by evidence otherwise adduced.

The trial defense counsel sought to avoid the application of this rule by a motion *in limine* to preclude the prosecution from cross-examining Andy Chacon, who lived with the appellant and his wife, as to his homosexual relationship with the appellant. At trial and in his brief submitted under R.C.M. 1105, defense counsel contend that Chacon's testimony would support the appellant's assertion that he had no knowledge of the marijuana found in the house and that any found there belonged to Chacon. Apparently, the allegations of homosexual conduct between the appellant and Chacon were based on a statement by Holbrooks which he later withdrew. Trial counsel conceded that the defense assertions that Holbrooks "lied" about the appellant's alleged homosexual behavior were substantially correct, but contended he had "... a independent basis, a good faith basis upon which to ask that question...." Without inquiring what "independent basis" the prosecution possessed, the trial judge ruled that Chacon could be questioned about his alleged homosexual conduct with the appellant. On the basis of the judge's ruling Chacon was not called as a defense witness.

On appeal the appellant argues the trial judge abused his discretion by denying the motion *in limine* to limit cross-examination, and in doing so prevented him from calling a witness who would have corroborated his testimony in every respect.

■ Generally, evidence of a sexual relationship on the part of a witness does not *per se* give rise to bias, either favorable or unfavorable. However, in the proper circumstances it is admissible to show the witness had cause to be biased. *United States v. Harris*, 542 F.2d 1283 (7th Cir. 1976); *United States v. Nuccio*, 373 F.2d 168 (2d Cir.1967); *see United States v. Woodyard*, 16 M.J. 715, 718 n. 3 (A.F.C.M. R.1983). Thus an alleged homosexual relationship between a defense witness and the accused could be inquired into to establish bias on the witness' part. *Commonwealth v. Evans*, 481 A.2d 625 (Penn.Super.1984); *State v. Wargo*, 140 Ariz. 70, 680 P.2d 206 (1984). The trial judge properly denied the motion *in limine.* While he did not ask trial counsel what independent evidence he had of Chacon's homosexual relationship with the appellant, we discern no prejudice. Neither trial defense counsel nor appellate defense counsel suggest the lack of an "independent basis" to pursue that line of questioning. A better practice is, of course, to insure the record establishes what "good faith independent basis" is being relied on.

## III

■ The appellant's claim that the military lacks jurisdiction over the off-base possession of marijuana is without merit. *United States v. Trottier*, 9 M.J. 337 (C.M. A.1980); *United States v. Fitzhugh*, 14 M.J. 595 (A.F.C.M.R.1982), *pet. denied*, 15 M.J. 165 (A.F.C.M.R.1983).

## IV

For the reasons stated Specification 2 of the Charge relating to the wrongful use of marijuana is set aside and a rehearing ordered. The remaining findings of guilty as to the possession of marijuana are affirmed. The sentence is set aside and rehearing thereon is ordered. If a rehearing

on Specification 2 of the Charge is deemed impracticable, that allegation may be dismissed, and a rehearing on sentence shall be held based on the remaining affirmed findings of guilty.

FORAY, Senior Judge, and MURDOCK, Judge, concur.