UNITED STATES

v.

Joseph E. LAFONTANT, 578 76 3326,
Lance Corporal (E–3), U. S.
Marine Corps.

NMCM 80 2843.

U. S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 23 May 1980.
Decided 31 Dec. 1981.

CAPT Joseph M. Poirier, USMC, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

ENS Richard M. Marchewka, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

PER CURIAM:

■■ Appellant, contrary to his pleas of not guilty, was convicted of attempted sale of LSD and possession of LSD in violation of Articles 80 and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 892, by a general court-martial composed of officer members. At trial and again before this Court appellant has challenged the competence of a key prosecution witness to render opinion testimony that the substance in question was LSD. That witness was a Marine Staff Sergeant working for the Naval Investigative Service who conducted a field laboratory analysis on the alleged contraband utilizing the Beckton-Dickenson Field Analysis Kit.[1] Over defense counsel's

---

1. The following excerpt from appellant's brief relates to this test:

   With regard to the use of such field test, the language from Field Manual 19–20 (Department of the Army), *Law Enforcement Investigations*, dated April 1977, bears repeating:

   "[f]ield tests are *extremely reliable as a negative test* (no drug present). The reliability

as positive tests varies in degree between the different tests and this changes from time to time as cutting agents which interfere with the tests (that is, five false positives) are sometimes added or sold in illicit drug traffic. (Emphasis in the original).

\*　　\*　　\*　　\*　　\*　　\*

objection and despite the judge's ruling that the witness did not qualify as an expert and in the face of the trial counsel's concession that the test "does not identify a substance in a scientific manner", the judge permitted the witness to testify as to the test, its positive results and the witness's lay opinion that the substance was LSD based on the test results. In our view the judge erred to appellant's substantial prejudice when he permitted this testimony and such error prevents our approving the offense of possession of LSD. We do not believe that opinion testimony as to the identity of a drug that is based on a chemical test is admissible under the rules of evidence that were applicable in May 1980 when this case was tried, unless the witness is qualified as an expert to so testify. Furthermore, the instant test which formed the basis of the witness's opinion was not established by the Government to be sufficiently reliable to render its results admissible in a court of law.

■ While we have excluded from consideration the field analysis results and the opinion of the staff sergeant who administered the test, there is convincing evidence that appellant announced that the substance was LSD and that he offered it for sale as LSD. Accordingly, even without evidence that satisfactorily establishes the actual identity of the substance, we can still find from the admissible evidence that appellant attempted to sell LSD and in so doing attempted to possess LSD, which is a lesser included offense of the possession charge. We are convinced beyond a reasonable doubt of appellant's guilt of these offenses.

in many cases, the color reactions produced by field tests are only indicative that the suspected sample is a drug product. It should be emphasized that many non-controlled substances give color reactions similar to those given by controlled substances. In addition, there are numerous controlled drugs which give no color reactions other than those usually described by field test kits.
*Id.*, at 414–415.
　　＊　＊　＊　＊　＊　＊
Any drug that will be used as evidence must be identified by a qualified chemist using

The findings of guilty of Charge I, the attempt article of the UCMJ, its specification as alleged and so much of the finding of guilty of the specification under Charge II as finds appellant guilty of an attempt to possess LSD at the time and place and in the amount alleged are affirmed. The sentence is reassessed in light of the lesser offense affirmed and upon reassessment is deemed to be appropriate. Accordingly, the sentence as approved below is affirmed.

approved procedures in an adequately equipped laboratory.
*Id.*, at 415.
The following excerpt from the stipulated testimony of a professor of chemistry and recognized authority in the field of drug identification is also pertinent:
　. . . the Becton-Dickenson test, would produce a color reaction that would not identify the substance as being LSD to any scientific certainty and that any one of 100,000 other compounds could have caused such a reaction.