**236**

UNITED STATES, Appellee,

v.

Joseph E. LaFONTANT, Private First
Class U.S. Marine Corps, Appellant.

No. 44,004/MC.

NMCM 80–2843.

U. S. Court of Military Appeals.

Aug. 29, 1983.

For Appellant: *Major Joseph M. Poirier,
USMC* (on brief); *Captain Walter J. Lan-
den, Sr., JAGC, USN.*

For Appellee: *Lieutenant Colonel T.H.
Eagen, USMC,* and *Lieutenant Commander
Craig A. Biegel, JAGC, USNR* (on brief);
*Commander W.J. Hughes, JAGC, USN.*

*Opinion of the Court*

COOK, Judge:

Contrary to his pleas, a general[1] court-
martial convicted the accused[2] of the at-
tempted sale of lysergic acid diethylamide
(LSD), and the possession of LSD, in viola-
tion of Articles 80 and 92, Uniform Code of
Military Justice, 10 U.S.C. §§ 880 and 892,
respectively. The adjudged and approved
sentence extended to a bad-conduct dis-
charge, confinement at hard labor for 9
months, forfeiture of $275.00 pay per month
for 9 months, and reduction to pay grade
E–1. Upon review, the Court of Military
Review approved the findings of guilty of
the attempted sale of LSD, and only so
much of the finding of guilty of the specifi-
cation alleging the possession of LSD "as
. . . [found] appellant guilty of an attempt
to possess LSD at the time and place and in
the amount alleged." However, upon reas-
sessment, the Court of Military Review
found the sentence to be nonetheless appro-
priate. As a basis for its action, the court
held:

> While we have excluded from consider-
> ation the field analysis results and the
> opinion of the staff sergeant who admin-
> istered the test, there is convincing evi-
> dence that appellant announced that the
> substance was LSD and that he offered it
> for sale as LSD. Accordingly, even with-
> out evidence that satisfactorily establish-
> es the actual identity of the substance,
> we can still find from the admissible evi-

---

1. General Court-Martial Order (GCMO) 17–80
incorrectly reflects that trial was "[b]efore a
special court-martial."

2. The decision below [12 M.J. 904 (1981)] in-
correctly reflects the accused's rank, which
should be private first class. (R. 26, 338.) The
statement of the specifications in the GCMO
should reflect the rank of private first class.

dence that appellant attempted to sell LSD and in so doing attempted to possess LSD, which is a lesser included offense of the possession charge. We are convinced beyond a reasonable doubt of appellant's guilt of these offenses.

*United States v. LaFontant,* 12 M.J. 904, 905 (N.M.C.M.R.1981).[3]

This Court specified the following issue for review:

WHETHER UNDER THE CIRCUM-STANCES OF THIS CASE THE COURT OF MILITARY REVIEW COULD PROPERLY AFFIRM THE LESSER IN-CLUDED OFFENSES OF ATTEMPTED POSSESSION AND ATTEMPTED SALE OF LSD, AS TO WHICH THE MEMBERS HAD NOT BEEN IN-STRUCTED?

At the outset, appellate defense counsel have correctly noted that the military judge did instruct the members as to the elements of the attempted sale of LSD. Consequently, we will address the remainder of the issue in that light.

■ The United States Navy-Marine Corps Court of Military Review apparently was troubled by the qualifications of the agent who conducted the field test on the suspected substance and, hence, declined to find that the evidence established, beyond a reasonable doubt, that it was, in fact, LSD as alleged.[4] However, there is clear evidence in the record that the accused simultaneously identified the substance as "acid," a contemporary colloquialism for LSD, and this is sufficient to support the finding of the Court of Military Review. *United States v. Weinstein,* 19 U.S.C.M.A. 29, 41 C.M.R. 29 (1969); *United States v. Jackson,* 49 C.M.R. 881 (A.F.C.M.R.1975), *pet. denied,* 23 U.S.C.M.A. 648 (1975).

[T]he Court of Military Review ... may affirm only such findings of guilty, ... as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

Article 66(c), UCMJ, 10 U.S.C. § 866(c). The court "may affirm only such findings of guilty or such part of a finding of guilty as includes an included offense, and the sentence or such part of the sentence, as it finds correct in law and fact ... on the basis of the entire record." Para. 100*a*, Manual for Courts-Martial, United States, 1969 (Revised edition). In discussing

3. According to the testimony of two Marine Corps undercover agents, the accused solicited them to buy LSD in an on-base disco. The three went outside and negotiated the price and quantity. However, at the moment of sale, one of the agents identified himself, and the accused, still retaining the four "dots" of LSD which he had previously torn from a larger sheet, ran from the scene. He was apprehended after a chase of approximately one-quarter of a mile. During the chase, he discarded the LSD, but it was later found by one of the agents. The accused and his witnesses controverted much of this testimony.

4. The suspected LSD was field-tested by Agent Fuentes of the Naval Investigative Service (NIS), using the standard Becton-Dickinson Field Analysis Kit. [NOTE: While both the record and the decision below reflect a different spelling for Becton-Dickinson, the manufacturer advises that the spelling used in this opinion is the correct one.] Defense counsel challenged both Sergeant Fuentes' qualifications as an expert chemist, and the reliability of the

Becton-Dickinson test itself. Sergeant Fuentes described the purpose of the test as a "presumptive test" for identifying a substance as LSD. The military judge permitted Sergeant Fuentes to testify as to his training and experience in using the test. No further testing of the material was conducted because of the 90-day wait for laboratory analysis and the desire to bring the case to trial. The case was tried before the adoption of the Military Rules of Evidence, although the military judge did consider Fed.R.Evid. 701 in reaching his decision. The Court of Military Review held:

We do not believe that opinion testimony as to the identity of a drug that is based on a chemical test is admissible under the rules of evidence that were applicable in May 1980 when this case was tried, unless the witness is qualified as an expert to so testify. Furthermore, the instant test which formed the basis of the witness's opinion was not established by the Government to be sufficiently reliable to render its results admissible in a court of law.

*United States v. LaFontant, supra* at 905.

"LESSER INCLUDED OFFENSES," paragraph 158 of the Manual, *supra,* states:

If the evidence adduced during a trial fails to prove an offense charged but does prove the commission of an offense necessarily included in that charged, the accused may be found guilty of that included offense. An accused may also be found guilty of an attempt to commit the offense charged or of an attempt to commit an offense necessarily included in the offense charged.

An "attempt" is defined in paragraph 159 of the Manual, *supra,* as:

An act, done with the specific intent to commit an offense, amounting to more than mere preparation and tending, even though failing, to effect its commission, ... To constitute an attempt there must be a specific intent to commit the particular offense accompanied by an overt act which directly tends to accomplish the unlawful purpose....

An accused may be guilty of an attempt even though the commission of the intended offense was impossible because of unexpected intervening circumstances or even though the consummation of the intended offense was prevented by a mistake on the part of the accused.

That the members were not instructed on the elements of an attempt as they pertain to possession is of no consequence since they found the accused guilty of the consummated possession of LSD, and their finding necessarily included all the elements "of an attempt to possess LSD." The evidence is clear that the accused consciously and intentionally possessed a substance he described to a potential buyer as LSD. The power of a Court of Military Review to affirm findings of guilty of lesser included offenses has never been seriously questioned. *See United States v. Patterson,* 14 U.S.C.M.A. 441, 34 C.M.R. 221 (1964). In finding the accused guilty of attempted possession rather than consummated possession, the Court of Military Review merely showed its reservations about the identity of the LSD, not that it disbelieved that the accused had possessed the substance at all.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.