UNITED STATES, Appellee

v.

Michael D. KING Jr., Builder Third Class
U.S. Navy, Appellant

No. 11-0583

Crim. App. No. 201000406

United States Court of Appeals for the Armed Forces

Argued December 12, 2011

Decided March 13, 2012

ERDMANN, J., delivered the opinion of the court, in which BAKER, C.J., STUCKY and RYAN, JJ., and EFFRON, S.J., joined.

Counsel

For Appellant:  Captain Bow Bottomly, USMC (argued).

For Appellee:  Major Paul M. Ervasti, USMC (argued); Colonel Kurt J. Brubaker, USMC, and Brian K. Keller, Esq. (on brief); Colonel Louis J. Puleo, USMC, and Major William C. Kirby, USMC.

Military Judge:  Mario H. De Oliveira

**This opinion is subject to revision before final publication.**

United States v. King, No. 11-0583/NA

Judge ERDMANN delivered the opinion of the court.

Builder Third Class Michael D. King Jr. was charged with numerous offenses involving sexual misconduct with his stepdaughter. He entered pleas of not guilty and, at a general court-martial with members, was convicted of one specification of indecent conduct and one specification of aggravated sexual assault in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2006). The convening authority approved the adjudged sentence of confinement for three years, reduction to E-1, and a bad-conduct discharge. The United States Navy-Marine Corps Court of Criminal Appeals (CCA) affirmed the findings and the sentence. United States v. King, No. NMCCA 201000406, slip op. at 6 (N-M. Ct. Crim. App. May 5, 2011).

On King's petition, we granted review in this case to determine the legality of the specification alleging a violation of Article 120(k), UCMJ.[1] For the reasons set forth below, we affirm a finding as to the lesser included offense of attempted

---

[1] We granted review of the following issue:

> Whether Specification 5 of Charge I alleging an indecent act under Article 120(k), UCMJ, failed to state an offense where the indecent act alleged was Appellant orally requesting during a Skype Internet conversation that a child under the age of 16 years expose her breasts so that he could view them utilizing the web camera.

United States v. King, 70 M.J. 271 (C.A.A.F. 2011).

indecent acts under Article 80, UCMJ, 10 U.S.C. § 880 (2006).

Article 59(b), UCMJ, 10 U.S.C. § 859(b) (2006); Article 79,

UCMJ, 10 U.S.C. § 879 (2006).

## Background

While King was deployed with his unit to southwest Asia he

kept in contact with his family utilizing the Skype Internet

site, which provides two-way audio and video communications.

When his wife looked through the texts of previous Skype

conversations she discovered a sexually explicit conversation

between King and her daughter, who was fourteen at the time.

When King's wife asked her daughter about the conversation, her

daughter showed her a "sex toy" King had purchased for her and

reported that King had been sexually abusing her.  King's wife

subsequently reported the matter to the Naval Criminal

Investigative Service (NCIS).

As part of its investigation, NCIS recorded a Skype

Internet conversation between King and his stepdaughter during

which King discussed the "sex toy" he had given her,

acknowledged his sexual relationship with her, and asked her to

lift her shirt so that he could view her breasts because she

"owe[d] [him]."  This recorded conversation between King and his

stepdaughter formed the basis for the violation of Article

120(k) (Indecent Acts) alleged in Specification 5 of Charge I:

> In that . . . King . . . did, at or near the Al
> Basra Oil Terminal, Iraq, on or about 27 February

> 2009, wrongfully commit indecent conduct, to wit:
> by requesting [GF], a female under 16 years of age,
> to expose her breasts during a SKYPE internet
> conversation so that he could view them utilizing
> the web camera.

At trial King's defense counsel moved to have the specification dismissed arguing that it failed to state an offense. Specifically, King's defense counsel argued that the request made by King during the Skype session did not fall under the definition of indecent acts, but was instead a violation of indecent liberties, which covers communications. The military judge denied the motion. King renewed this issue in his appeal to the Court of Criminal Appeals, which, after reviewing all the surrounding circumstances, held that King's behavior satisfied the definition of an indecent act and the specification stated an offense because it alleged every element of the offense. King, No. NMCCA 201000406, slip op. at 6.

## Discussion

Whether a specification states an offense is a question of law that is reviewed de novo. United States v. Crafter, 64 M.J. 209, 211 (C.A.A.F. 2006).[2] Specification 5 of Charge I alleges

---

[2] In reviewing the adequacy of the specification, the analysis is limited to the language as it appears in the specification, which must expressly allege the elements of the offense, or do so by necessary implication. See, e.g., United States v. Fosler, 70 M.J. 225, 229 (C.A.A.F. 2011) (focusing only on the "charging language"); United States v. Fleig, 16 C.M.A. 444, 445, 37 C.M.R. 64, 65 (1966) (looking "within the confines of the specification").

that King engaged in indecent conduct during a Skype Internet
conversation by requesting that his stepdaughter expose her
breasts so that he could view them utilizing a web camera.

Whether the specification alleges a violation of Article
120(k) depends on the scope of the statutory term "indecent
conduct" as defined by Article 120(t)(12), UCMJ.  Article
120(k), UCMJ, provides that:

> Any person subject to this chapter who engages in
> indecent conduct is guilty of an indecent act and
> shall be punished as a court-martial may direct.

The term "indecent conduct" is defined in Article 120(t)(12), in
part, as follows:

> [T]hat form of immorality relating to sexual impurity
> which is grossly vulgar, obscene, and repugnant to
> common propriety, and tends to excite sexual desire or
> deprave morals with respect to sexual relations.

The Manual for Courts-Martial, United States (MCM) sets forth
the elements of indecent acts as follows:

> (a)  That the accused engaged in certain conduct; and
> (b)  That the conduct was indecent conduct.

MCM pt. IV, para. 45.b.(11) (2008 ed.).

As noted above, the crux of King's argument is that asking
his fourteen-year-old stepdaughter to lift her shirt so that he
could see her breasts constituted "indecent language" and
"indecent language" is not included under the definition of
"indecent conduct."  However, this court has held that
"language" can be, or be part of, "conduct" in a particular

5

United States v. King, No. 11-0583/NA

case,[3] so we begin here with an analysis of the specification and

the facts, which leads us to the conclusion that at a minimum,

the facts support an attempted indecent act.

To constitute the lesser included offense of attempted

indecent acts, Article 80, UCMJ, requires:

> An act, done with specific intent to commit an
> [indecent act], amounting to more than mere
> preparation and tending, even though failing, to
> effect its commission . . . .
>
> . . . .
>
> . . . . To constitute an attempt there must be a
> specific intent to commit the offense accompanied by
> an overt act which directly tends to accomplish the
> unlawful purpose. . . . Preparation consists of
> devising or arranging the means or measures necessary
> for the commission of the offense. The overt act
> required goes beyond preparatory steps and is a
> direct movement toward the commission of the
> offense.[4]

King's request was an "overt act" that constituted "direct

movement toward the commission" of an indecent act. But for his

stepdaughter's refusal to lift her shirt, King would have

"view[ed]" his stepdaughter's breasts using the webcam. Having

---

[3] See, e.g., United States v. Brinson, 49 M.J. 360, 364-65
(C.A.A.F. 1998) (concluding that use of coarse language
constituted disorderly conduct); United States v. Littlewood, 53
M.J. 349, 352, 353-54 (C.A.A.F. 2000) (finding a variety of
offenses, including indecent language, to be indecent conduct of
a nature to bring discredit upon the armed forces and
prejudicial to good order and discipline); United States v.
Lofton, 69 M.J. 386, 390 (C.A.A.F. 2011) (holding that sexual
comments made by an officer to a female enlisted airman
constituted conduct unbecoming an officer).
[4] MCM pt. IV, para. 4.a.(a), c.(1)-(2).

determined that King's request amounted to attempted "conduct," we must now decide whether such conduct meets the definition of "indecent conduct" as required by Article 120(k). To do this we apply traditional canons of statutory construction. Unless ambiguous, the plain language of a statute will control unless it leads to an absurd result. United States v. Lewis, 65 M.J. 85, 88 (C.A.A.F. 2007) (citations omitted). As noted, indecent conduct under Article 120 is defined as, inter alia, "that form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations." Article 120(t)(12), UCMJ. Under the circumstances presented in this case, King's request to his fourteen-year-old stepdaughter to lift her shirt so that he could view her breasts because she "owe[d] [him]," constituted an attempt to commit an indecent act.

Although we conclude that the evidence is legally sufficient to establish an attempted indecent act, neither the granted issue nor the briefs in this case specifically address the legal sufficiency of the evidence to support the charged offense. Under other circumstances we might request further briefing. However, we are dealing with a situation in which we can affirm a finding of attempt that would not change the

7

sentencing landscape,[5] in a case that involves the application of a statutory provision that has been repealed.[6]  Therefore, we find it unnecessary to address the granted issue or to request further briefing.  We approve the modified findings and the sentence.

## Conclusion

The decision of the United States Navy-Marine Corps Court of Criminal Appeals that the evidence was legally sufficient to sustain the finding of guilt for a violation of Article 120(k), UCMJ (Specification 5 of Charge I), is reversed.  The lesser included offense of attempted indecent act under Article 80, UCMJ, the findings as to Specification 7 of Charge I (aggravated sexual assault) and Charge I, and the sentence are affirmed.

---

[5] See MCM pt. IV, para. 4.e.
[6] The National Defense Authorization Act for Fiscal Year 2012 repealed the version of Article 120(k) that is at issue in this case.  As of its effective date, the circumstances presented in this appeal will not reoccur.  The National Defense Authorization Act for Fiscal Year 2012, Pub. L. No. 112-81, § 541, 125 Stat. 1298 (2011).