# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**First Lieutenant EDGAR HUERTALOPEZ**
**United States Army, Appellant**

ARMY 20150059

Headquarters, 25th Infantry Division
Gregory A. Gross, Military Judge
Colonel William D. Smoot, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Matthew D. Bernstein, JA (on brief).

For Appellee: Lieutenant Colonel A.G. Courie III, JA; Major Scott L. Goble, JA (on brief).

19 January 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

In this case, appellant asserts his rebuffed sexual gestures towards Private First Class (PFC) AM do not constitute a "relationship" as envisioned by Army Reg. 600-20, Personnel-General: Army Command Policy [hereinafter AR 600-20] (18 Mar. 2008) (Rapid Action Revision, 20 Sept. 2012). Appellant argues this court should now set aside and dismiss the finding of guilty of violating a lawful general regulation.

The government concedes the facts elicited in this case do not support that appellant engaged in a prohibited relationship. Government counsel, however, argue appellant's conduct and the evidence support a conviction for the lesser-included offense of attempting to disobey AR 600-20, a violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880 (2012) [hereinafter UCMJ]. We agree.

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of violating a lawful general regulation, one specification of making a false official statement, and one specification of

abusive sexual contact, in violation of Articles 92, 107, and 120, UCMJ. The panel sentenced appellant to a dismissal and a reprimand. The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion and relief. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## BACKGROUND

Appellant was the officer-in-charge of the logistics support team (LST) to which PFC AM was assigned while they were at the National Training Center (NTC) between on or about 21 April 2014 and on or about 7 June 2014. While at NTC, appellant treated PFC AM differently than other soldiers in the LST. Appellant told PFC AM she had a nice butt and asked if she would ever consider having sex in the field. When interacting with PFC AM, appellant would "lick his lips" or "raise his eyebrows" in a manner that appeared sexual in nature. Appellant also asked PFC AM to meet him in secluded areas at midnight or other random times.

In his statement to the Criminal Investigation Command (CID) special agent, appellant admitted he had conversations with PFC AM about sex. Appellant claimed the conversations were mutual and that PFC AM appeared to be flirting with him. He told PFC AM they did not have to be boyfriend and girlfriend, but he wanted to meet her at a more secluded place to have sex. Appellant also described a particular incident to a CID investigator when he told PFC AM she had a nice body just before he touched her breast. Private First Class AM reported that appellant was "hitting on her" and testified that his actions made her feel uncomfortable.

Appellant was charged, *inter alia*, with violating a lawful general regulation, specifically AR 600-20, para. 4-14(b), by wrongfully engaging in a prohibited relationship with PFC AM. Paragraph 4-14(b) of AR 600-20 prohibits *relationships* between soldiers of different ranks if they:

> (1) Compromise, or appear to compromise, the integrity of supervisory authority or the chain of command[; or]
>
> . . . .
>
> (5) Create an actual or clearly predictable adverse impact on discipline, authority, morale, or the ability of the command to accomplish its mission.

AR 600-20, paras. 4-14(b)(1), 4-14(b)(5).

2

**LAW AND DISCUSSION**

A solicitation to engage in a sexual act does not amount to a "relationship" as envisioned by AR 600-20 when the verbal advance is rejected. *United States v. Oramas*, ARMY 20051168, 2007 CCA LEXIS 588, at *6-8 (Army Ct. Crim. App. 29 Mar. 2007) (mem. op.). Similarly, a single incident involving a rejected physical advance, including touching and kissing, also does not rise to the level of a "relationship" as contemplated by AR 600-20. *United States v. Morgan*, ARMY 20000928, 2004 CCA LEXIS 423, at *6-8 (Army Ct. Crim. App. 20 Feb. 2004) (mem. op.). It is firmly recognized that the "victim's conduct is relevant to whether or not a prohibited relationship was established." *Id.* at *7; *see also United States v. Humpherys*, 57 M.J. 83, 93-95 (C.A.A.F. 2002); *United States v. Moorer*, 15 M.J. 520, 522 (A.C.M.R.) (holding that a supply clerk attempted to violate a lawful general order prohibiting specifically enumerated personal relationships when he asked a trainee for a date), *rev'd in part on other grounds*, 16 M.J. 451 (C.M.A. 1983). Furthermore, "clumsy and ineffective courting techniques and flirtatious behavior, alone, do not constitute a 'relationship' as that term is ordinarily defined." *Oramas*, 2007 CCA LEXIS 588, at *8.

Because PFC AM declined appellant's advances, he was unable to actually form the type of relationship prohibited by AR 600-20. The facts, nonetheless, still establish appellant's criminal intent and liability. But for PFC AM's actions, appellant would have exploited his position and rank to take advantage of PFC AM– a junior soldier on his immediate staff. Appellant's actions went beyond mere preparation and included physical advances. It is clear from the record appellant fully intended to enter into a prohibited relationship as envisioned by AR 600-20.

Accordingly, we affirm the lesser-included offense of an attempt to violate a lawful general regulation under Article 80, UCMJ, with respect to the Specification of Charge II. *See* UCMJ art. 59(b); *United States v. King*, 71 M.J. 50, 51-53 (C.A.A.F. 2012); *United States v. LaFontant*, 16 M.J. 236, 237-38 (C.M.A. 1983).

**CONCLUSION**

The court affirms only so much of the finding of guilty of the Specification of Charge II as finds that appellant:

> did, at or near Fort Irwin, California, between on or about 21 April 2014 and on or about 7 June 2014, attempt to violate a lawful general regulation, to wit: paragraph 4-14(b), Army Regulation 600-20, dated 20 September 2012, by attempting to wrongfully engage in a prohibited relationship with [PFC AM], which, if successful, would have compromised or appeared to comprise the integrity of

the supervisory authority or the chain of command and created an actual or clearly predictable adverse impact on discipline, authority, morale, or the ability of the command to accomplish its mission, in violation of Article 80, UCMJ.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). We are confident that based on the entire record and appellant's course of conduct, the panel would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court