# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ADEN J. SCHRADER**
**United States Army, Appellant**

ARMY 20150744

Defense Language Institute Foreign Language Center and Presidio of Monterey
Jeffery Lippert, Military Judge (arraignment)
James Arguelles, Military Judge (trial)
Lieutenant Colonel Tiernan Dolan, Staff Judge Advocate (pretrial)
Lieutenant Colonel Daniel A. Tanabe, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Major Andres Vazquez, Jr., JA (on brief).

For Appellee: Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain Linda Chavez, JA (on brief).

16 June 2017

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FEBBO, Judge:

In this appeal we address what happens when an accused is convicted of an offense that everyone—the accused, the defense counsel, the trial counsel, the military judge, and the staff judge advocate—believe he did not in fact commit. The unsurprising answer is that we overturn the conviction for those offenses.

## BACKGROUND

While appellant was assigned to the Presidio of Monterey, he used and distributed a range of drugs to fellow soldiers and airmen to include marijuana, cocaine, 3-4 methylenedioxymethamphetamine ("ecstasy"), amphetamine, and

hydromorphone.  Among other charges,[1] appellant was charged with distributing *amphetamine* and introducing *amphetamine* onto the Presidio of Monterey with the intent to distribute.  And, indeed, appellant thought he possessed amphetamine.  However, in fact, what he possessed was *not* amphetamine, but instead alprazolam, a fact that became known to all parties by the time of trial.  Nonetheless, appellant pleaded guilty and was convicted of introducing and distributing amphetamine.

Appellant's belief was based on assurances of his drug dealer, "Ricky," who told appellant and another soldier that they were buying "Adderall."[2]  Adderall is one of the brand names for the drug amphetamine.  During an ensuing investigation, appellant told an agent from the U.S. Army Criminal Investigation Division (CID) that he bought Adderall pills from "Ricky," brought them onto a military installation, and distributed them.  CID confiscated the remaining pills appellant purchased from "Ricky."  A subsequent analysis by U.S. Army Criminal Investigation Laboratory (USACIL) revealed the pills were not amphetamine, but were actually alprazolam, a fact known by everybody well in advance of trial.[3]

Appellant, as a condition of his pretrial agreement with the convening authority to plead guilty, entered into a stipulation of fact with the government.  The USACIL lab report identifying the pills seized by CID from appellant as alprazolam was included as an attachment to the stipulation of fact admitted at trial.

Throughout trial *everyone* acknowledged that appellant did not, in fact, introduce or distribute amphetamine.  During the providence inquiry, the military judge questioned appellant extensively on the appellant's actual knowledge concerning the difference in the charged drug, amphetamine, and the drug identified in the USACIL report, alprazolam.  Based on the USACIL report, appellant

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of conspiracy to distribute a controlled substance; two specifications of violation of a lawful general order; six specifications of use of a controlled substance; three specifications of distribution of a controlled substance; and two specifications of introduction of a controlled substance with intent to distribute in violation of Articles 81, 92, and 112a of the Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892 and 912a (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for forty-two months, forfeiture of all pay and allowances, and a reduction to the grade of E-1.  The convening authority, in accordance with a pretrial agreement approved the adjudged sentence except that portion of confinement exceeding twelve months.

[2] Amphetamine is a Schedule II controlled substance.

[3] Alprazolam is a Schedule IV controlled substance.

acknowledged he actually purchased, distributed, and introduced alprazolam, even though he initially thought he had acquired amphetamine from "Ricky." However, no one moved to amend the charges to conform them to the evidence or the accused's providence plea. Similarly, no one suggested that appellant may have been guilty of attempted distribution of amphetamine and attempted introduction of amphetamine with intent to distribute. Instead, appellant was convicted of the introduction and distribution of a drug, amphetamine, which everybody agreed he never possessed.

Importantly, this is a distinction with a difference. The maximum sentence to confinement for distribution or introduction of amphetamine with intent to distribute was fifteen years. By contrast, the maximum sentence to confinement for introduction and distribution of alprazolam, as a schedule IV controlled substance, was ten years. *Manual for Courts-Martial*, United States (2012 ed.), pt. IV, ¶ 37e. For appellant, the difference in the penalty landscape was a total of fifteen years confinement.[4]

## LAW AND DISCUSSION

This case is before us for review pursuant to Article 66, UCMJ. Appellant asserts that the Article 112a, UCMJ specifications charging distribution and introduction of amphetamine are legally and factually insufficient.[5] Since appellant

---

[4] At trial, the government calculated 118 years as the maximum confinement punishment.

[5] Appellant's other assignment of error involves the dilatory post-trial processing of appellant's case. It took 239 days to complete a 215 page record of trial. Appellant complained of excessive post-trial delay in his Rule for Courts-Martial 1105 [hereinafter R.C.M.] submissions. The post-trial processing included 123 days for the military judge to authenticate the record of trial. The record contains no explanation for the delay in authentication. However, we find no prejudice or due process violation because of the delay. We find the sentence appropriate notwithstanding the unjustified dilatory post-trial processing. UCMJ art. 66(c). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 143; *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Garman*, 59 M.J. 677 (Army Cr. Crim. App. 2003). We have also considered the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and conclude they do not warrant relief. Among other matters raised in *Grostefon*, appellant asserts that his defense counsel was ineffective by requesting a punitive discharge during sentencing. We do not

(continued. . .)

pleaded guilty to the specifications, we disagree with how the appellant framed the legal issues on appeal.

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). However, since this was a guilty plea, the appellant has already admitted that he is in fact guilty of the offenses. Therefore, the correct standard of review is actually whether the military judge's decision to accept appellant's guilty plea was an abuse of discretion. *See United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citing *United States v. Eberle,* 44 M.J. 374, 375 (C.A.A.F. 1996)). "[I]n reviewing a military judge's acceptance of a plea for an abuse of discretion appellate courts apply a substantial basis test: Does the record as a whole show "'a substantial basis' in law and fact for questioning the guilty plea." *Id.* (*citing United States v. Prater,* 32 M.J. 433, 436 (C.M.A. 1991)); *see also* UCMJ art. 45(a); Rule for Court-Martial [hereinafter R.C.M.] 910(e). The basis for the rejection of a guilty plea must be sufficient to overcome the notion that the plea waives any objection as to the factual issue of guilt concerning the offense in question. R.C.M. 910(j).

While we disagree with appellant's framing of the issue on appeal, the result is nonetheless the same. We agree there is a substantial basis in fact and law to question appellant's plea of guilty and set aside and dismiss those three specifications. *Inabinette*, 66 M.J. at 322 (C.A.A.F. 2008). Simply put, as appellant never agreed that he actually possessed amphetamine, and indeed he did not, he cannot be guilty of that offense.

The court-martial's confusion likely stems from a misunderstanding of a provision of the Dep't of Army Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook] (10 Sep. 2014). As the military judge explained and the government argues on appeal, it was not necessary that appellant "know the exact identity of the controlled substance" as long as he knew the substance was prohibited. *See* Benchbook, paras. 3-37-3*d.* n.3, 3-37-4*d.* n.5.

As the Benchbook provides, an accused can possess contraband substance 'A', incorrectly believing it to be contraband substance 'B' and still be found guilty of possessing contraband substance 'A.' *Id.* However, in such a case the accused actually possessed the substance he was charged with possessing. This instruction,

---

(. . . continued)

agree with appellant's conclusion that the defense counsel actually or by implication requested a punitive discharge. Furthermore, we note that appellant did not submit a sworn affidavit or a declaration made under penalty of perjury for this court to consider on appeal the statement that his defense counsel was ineffective. *United States v. Cade*, 75 M.J. 923, 929 (Army Ct. Crim. App. 2016).

however, does not apply to the facts of appellant's case. Inexplicably, appellant pleaded guilty to a drug he *never actually possessed*.

We note that the government has not requested that we affirm a lesser-included offense of an attempt to distribute and introduce amphetamine under Article 80, UCMJ, with respect to Specifications 7, 9, and 11 of Charge IV. *See* UCMJ art. 59(b); *United States v. King*, 71 M.J. 50, 51-53 (C.A.A.F. 2012); *United States v. LaFontant*, 16 M.J. 236, 237-38 (C.M.A. 1983). In reviewing a finding of guilty, the court "*may* approve or affirm, instead, so much of the finding as includes a lesser included offense." UCMJ art. 59(b) (*emphasis added*). However, given the lack of a specific request by the government to correct the record and the many missed opportunities to correct a known inconsistency before appeal, we are not inclined to consider whether we could affirm the lesser-included offense of attempt to distribute and introduce amphetamine on appeal.

## CONCLUSION

Specifications 7, 9, and 11 of Charge IV are SET ASIDE and DISMISSED. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the remaining findings of guilty, and the aggravation evidence, which included two records of non-judicial punishment imposed under Article 15, we are confident the military judge would have sentenced appellant to no less than the convening authority's approved sentence of dishonorable discharge, confinement for twelve months, forfeiture of all pay and allowances, and a reduction to the grade of E-1. *See United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2014); *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Senior Judge MULLIGAN and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5