# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————————

### No. ACM 40247 (reh)

————————————————

### UNITED STATES
*Appellee*

**v.**

### Douglas G. LARA
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————————

Appeal from the United States Air Force Trial Judiciary

Decided 17 March 2025

————————————————

*Military Judge*: Pilar G. Wennrich.

*Sentence*: Sentence adjudged 30 April 2024 by GCM convened at Hurlburt Field, Florida. Sentence entered by military judge on 20 May 2024: Bad-conduct discharge, 6 months of confinement, and reduction to E-1.

*For Appellant*: Major Nicole J. Herbers, USAF; Captain Joyclin N. Webster, USAF.

*For Appellee*: Lieutenant Colonel Jenny A. Liabenow, USAF; Captain Morgan L. Brewington, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, RAMÍREZ, and GRUEN, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Chief Judge JOHNSON and Judge GRUEN joined.

————————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————————

RAMÍREZ, Judge:

This case is before us a second time. Originally, on 27 September 2021, a military judge found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of one specification of attempted viewing of child pornography, on divers occasions, in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880, and one specification of willful dereliction of duty, on divers occasions, for failing to refrain from storing, processing, displaying, and transmitting pornography, sexually explicit material, or sexually oriented material while on duty, in violation of Article 92, UCMJ, 10 U.S.C. § 892.[*] The military judge sentenced Appellant to a bad-conduct discharge and confinement for 12 months.

On 10 April 2023, we found that Appellant's pleas of guilty were not knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. *United States v. Lara*, No. ACM 40247, 2023 CCA LEXIS 160, at *19 (A.F. Ct. Crim. App. 10 Apr. 2023) (unpub. op.). We ultimately set aside the findings of guilty as to all charges and specifications and the sentence and authorized a rehearing. *Id.* We then reconsidered our decision, withdrew the prior opinion, and issued another opinion. *United States v. Lara*, No. ACM 40247, 2023 CCA LEXIS 267, at *3 (A.F. Ct. Crim. App. 28 Jun. 2023) (unpub. op.). For the same reason, we set aside the findings of guilty as to all charges and specifications and the sentence and authorized a rehearing. *Id.* at *3, 22.

A rehearing was held on 30 April 2024, at which a military judge found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of one specification of attempted viewing of child pornography, on divers occasions, in violation of Article 80, UCMJ, and one specification of willful dereliction of duty, on divers occasions, for failing to refrain from storing, processing, displaying, and transmitting pornography, sexually explicit material, or sexually oriented material while on duty, in violation of Article 92, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. The convening authority took no action on the findings, but did grant relief as to the sentence in the form of suspending the reduction in grade and waiving the automatic forfeitures for the benefit of Appellant's dependents.

Appellant now raises two issues on appeal: (1) whether Appellant's plea to attempted viewing of child pornography was improvident, and (2) whether Appellant's post-trial processing was improperly completed when the staff

---

[*] All references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

judge advocate found 18 U.S.C. § 922 applied to his offenses. We have carefully considered this second issue and find that it does not require discussion or relief. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)); *see also United States v. Vanzant*, 84 M.J. 671, 681 (A.F. Ct. Crim. App. 2024) (holding the 18 U.S.C. § 922 firearm prohibition notation included in the staff judge advocate's indorsement to the entry of judgment is beyond a Court of Criminal Appeals' statutory authority to review), *rev. granted*, __ M.J. __, No. 24-0182/AF, 2024 CAAF LEXIS 640 (C.A.A.F. 17 Oct. 2024).

As to the remaining appellate issue, we find no error materially prejudicial to Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

Appellant was charged with attempting to view child pornography. Specifically, the Government alleged that between on or about 18 March 2019 and on or about 18 December 2019, at or near Navarre, Florida, on divers occasions, Appellant attempted to view child pornography; to wit, entering known "child-exploitable terms" in Internet search engines to view images of a minor, or what appears to be a minor, engaging in sexually explicit conduct, and that said conduct was of a nature to bring discredit upon the armed forces. Appellant admitted doing this in his stipulation of fact and in the factual inquiry of his plea. The stipulation of fact also includes documentation of searches such as "teen nude selfie" during the charged timeframe.

According to Appellant, on several occasions between 18 March 2019 and 18 December 2019, he would enter search terms into Internet search browsers such as "biker girls, teen nude selfie, and tiny." He would type those terms into a search engine or in the web browser to make thumbnails. He would then attempt to make those thumbnails larger to view. Appellant would also attempt to visit related websites, but these particular websites were blocked by his web browser.

The military judge defined sexually explicit conduct as "actual or simulated sexual intercourse or sodomy, [ ] including genital/genital, oral/genital, anal/genital, oral/anal, whether between persons of the same or opposite sex. Bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person." Appellant explained that the terms he entered were what he understood to be "child exploited" terms.

Appellant used terms to search pornography that he knew "could return images that were illegal and potentially child pornographic, but [he] entered them anyway." He "fully acknowledge[d] that while typing in those search terms and attempting to visit a website that potentially contained child

exploitive material was wrong." He admitted that he had "no legal justification or excuse for the searches." He further admitted that "[his] actions of entering the terms and attempting to visit the websites were substantial steps made toward the commission of viewing child pornography."

Appellant told the military judge that upon reviewing the evidence with his counsel, he understood that "the images that were returned or that [he] was able to view, despite [his] efforts, were not child pornography." Nonetheless, he explained that "[n]o one forced [him] to attempt to view child pornography and [he] could have avoided such attempts if [he] wanted to." He also stated that his actions brought discredit upon the armed forces in that if a member of the public were to know that a military member attempted to access child pornography, "they would likely be upset and think less of the military because of these actions." Appellant also stipulated and admitted to the military judge that, during the same timeframe, he was derelict in the performance of his duties by failing to refrain from storing, processing, displaying, and transmitting pornography, sexually explicit, or sexually oriented material on government computer systems while on duty.

## II. DISCUSSION

Appellant argues that his guilty plea to attempted viewing of child pornography was not provident for three reasons. First, he claims that neither the stipulation of fact nor his plea colloquy with the military judge established a substantial step toward the completion of the offense. Second, he claims that there was no independent intervening event that prevented the completion of the offense. Third, Appellant argues that his conduct was constitutionally protected and there was no "heightened inquiry into this protected conduct prior to the acceptance of his guilty plea." As explained below, we disagree.

## A. Additional Background

During his providency inquiry, in response to follow-up questions by the military judge, Appellant once again admitted that he attempted to view child pornography on electronic devices. He told the military judge that he did this by "typing terms into search engines that [he] knew could possibly return images of children between the ages of 16 and teens to 18, so 16 to 18." When asked if Appellant intended to also view sexualized images of children under the age of 18 years when he typed the words into the search engine, Appellant responded,

> Your Honor, when I typed in those terms I – I knew that what would be produced or returned is – would be teens that would appear to be under the age of 18. So, yes, Your Honor, it was my intention to look for teens that appeared under the age of 18.

The military judge then asked Appellant if he believed and admitted that his actions "were more than merely preparatory steps" and "clearly substantial steps made directly toward the commission of attempting to view child pornography." Appellant responded, "Yes, Your Honor." Appellant was then asked if he believed and admitted that his attempt would have been successful "but for the fact that his [I]nternet browser blocked the return of the results that [he was] seeking." Appellant answered, "Yes, Your Honor." The military judge then followed up by asking if Appellant believed and admitted that his attempt would have been successful but for that fact. Appellant again answered, "Yes, Your Honor."

Appellant stated that when he searched for what he anticipated would be child pornography, the Internet browser blocked the return of those sites. The military judge asked Appellant to describe what happened when his Internet browser blocked those sites. Appellant responded,

> Sometimes the page entirely would be blocked. It would show that – that the website contained pornographic material and that was the end of that action. Sometime if I was using digital images, the pictures, the thumbnails they would be either blurred out or just blank, and that's how they would be blocked.

The military judge then continued by clarifying that Appellant attempted to view child pornography on divers occasions where he believed that the search terms he typed "would return child pornographic images." Appellant agreed that he did that on multiple occasions.

Appellant concluded that the attempt to commit the offense was a freely made decision made on his part.

**B. Law**

Article 45(a), UCMJ, requires military judges to reject a plea of guilty if it appears that an accused "has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect." 10 U.S.C. § 845(a). "During a guilty plea inquiry[,] the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Forbes*, 78 M.J. 279, 281 (C.A.A.F. 2019) (citation omitted). "A military judge's acceptance of a guilty plea is reviewed for an abuse of discretion." *United States v. Passut*, 73 M.J. 27, 29 (C.A.A.F. 2014) (citation omitted). Appellate courts grant military judges "significant discretion in deciding whether to accept an accused's guilty pleas." *United States v. Phillips*, 74 M.J. 20, 21 (C.A.A.F. 2015) (citation omitted).

"A ruling based on an erroneous view of the law constitutes an abuse of discretion." *Passut*, 73 M.J. at 29 (citation omitted). "The test for an abuse of discretion is whether the record shows a substantial basis in law or fact for

questioning the plea." *Id.* (citation omitted). "The appellant bears the burden of establishing that the military judge abused that discretion, *i.e.*, that the record shows a substantial basis in law or fact to question the plea." *Phillips*, 74 M.J. at 21–22. A plea is provident so long as the appellant was convinced of, and described, all of the facts necessary to establish he is guilty of the crime at issue. *United States v. Murphy*, 74 M.J. 302, 308 (C.A.A.F. 2015).

"[A] substantial step must be conduct strongly corroborative of the firmness of the [accused's] criminal intent." *United States v. Byrd*, 24 M.J. 286, 290 (C.M.A. 1987) (citations omitted). To be found guilty of attempt, "the act must amount to more than mere preparation." *United States v. Winckelmann*, 70 M.J. 403, 407 (C.A.A.F. 2011) (internal quotation marks omitted). "Accordingly, the substantial step must unequivocally demonstrat[e] that the crime will take place unless interrupted by independent circumstances." *Id.* (alteration in original) (internal quotation marks and citations omitted).

"An accused may be guilty of an attempt even though the commission of the intended offense was impossible because of unexpected intervening circumstances or even though the consummation of the intended offense was prevented by a mistake on the part of the accused." *United States v. LaFontant*, 16 M.J. 236, 238 (C.M.A. 1983).

"When a charge against a servicemember may implicate both criminal and constitutionally protected conduct, the distinction between what is permitted and what is prohibited constitutes a matter of critical significance." *United States v. Hartman*, 69 M.J. 467, 468 (C.A.A.F. 2011) (internal quotation marks and citation omitted). "With respect to the requisite inquiry into the providence of a guilty plea . . . the colloquy between the military judge and an accused must contain an appropriate discussion and acknowledgment on the part of the accused of the critical distinction between permissible and prohibited behavior." *Id.* (citations omitted).

**C. Analysis**

We conclude that the military judge properly determined that there was an adequate basis in law and fact to support the plea before accepting it. The record does not show a substantial basis to question the providency of the plea. Appellant was convinced of, and described all of, the facts necessary to establish he was guilty of attempting to view child pornography. Finally, Appellant failed to establish that the military judge abused her discretion.

**1. Substantial Step**

Appellant's first argument is that neither the stipulation of fact nor his plea colloquy with the military judge established a substantial step toward the completion of the offense.

The military judge explained to Appellant that his actions must amount to a substantial step and a direct movement toward the commission of the intended offense. She continued that a "substantial step" is one that "is strongly corroborated [sic] of [his] criminal intent and is indicative of [his] resolve to commit the offense."

Appellant specifically stated, "I understand and admit that my actions of entering the terms and attempting to visit the websites were substantial steps made toward the commission of viewing child pornography." The military judge came back to this and asked Appellant if he believed and admitted that his actions were "more than merely preparatory steps" and "clearly substantial steps made directly toward the commission of attempting to view child pornography." Appellant told the military judge that they were. Therefore, regardless of what images "biker girls" or "tiny" would produce, it is clear that the substantial step was Appellant using the Internet search terms such as "teen nude selfie" and trying to visit particular websites with the intent of finding child pornography. We do not find merit in Appellant's claim that "[n]one of these search terms contain any words or descriptions that would return child pornography as none are linked to sexually explicit conduct nor to teens under the age of eighteen." We find no merit because he explained that he searched these terms with the intent of finding child pornography, even if it did not work. The searching "teen nude selfie" with Appellant's intent, alone, meets the test under the circumstances of this case.

Finally, Appellant's associated argument that there were no search terms for child pornography in the charged timeframe is not supported by the evidence. One attachment to the stipulation of fact was the Computer Examination of Media memorandum from the Department of Homeland Security which discovered Appellant's computer searches. This document included searches such as "teen nude selfie" on more than one occasion on 10 April 2019, which is during the charged timeframe.

### 2. Independent Intervening Event

Appellant claims that there was no independent intervening event that prevented the completion of the offense. Here, the military judge addressed this very issue. Appellant explained that when he searched for what he anticipated would be child pornography, the Internet browser blocked the return of those sites. The military judge asked Appellant to describe what happened when this occurred. Appellant explained that "[s]ometimes" an entire page would be blocked, or when "using digital images, the pictures, the thumbnails they would be either blurred out or just blank, and that's how they would be blocked." Here, the independent intervening event was the Internet blocking services that would trigger when he searched for would-be child pornography. Appellant is guilty of attempting to view child pornography even

though the commission of his intended offense was impossible because of the intervening circumstances of the Internet blocking services. *See LaFontant*, 16 M.J. at 238 (C.M.A. 1983).

Appellant admitted that he could have avoided the attempt to commit the offense and by attempting to commit the offense, he made this decision freely, without coercion or force by anyone else.

### 3. Constitutionally Protected Activity

Third, Appellant argues that his conduct was constitutionally protected and there was no "heightened inquiry into this protected conduct prior to the acceptance of his guilty plea." He does not, however, provide any legal support for why or how his conduct was protected. Instead, he makes conclusions such as, "[T]he Government charged [Appellant] with an attempt to view child pornography based on search terms which could return child erotica, which is not sufficiently lascivious to meet the legal definition of sexually explicit conduct." Appellant did not have a constitutional right to view child pornography. *See United States v. Williams*, 553 U.S. 285, 288 (2008) ("We have long held that obscene speech—sexually explicit material that violates fundamental notions of decency—is not protected by the First Amendment."). Appellant told the military judge he was searching for pornography and *intended* "to look for teens that appeared under the age of 18." The mere fact that Appellant expected his searches to identify legal pornography of 18- or 19-year-olds as well as unlawful images of individuals under 18 years of age does not confer constitutional protection over those searches. Unlike *United States v. Moon*, cited by Appellant, this is not a case where the Government prosecuted "conduct that is constitutionally protected in civilian society" on the grounds that it was nevertheless prejudicial to good order and discipline or of a nature to bring discredit on the armed forces in violation of Article 134, UCMJ, 10 U.S.C. § 934. 73 M.J. 382, 388 (C.A.A.F. 2014) (quoting *United States v. Barberi*, 71 M.J. 127, 131 (C.A.A.F. 2012) (citations omitted)).

Next, Appellant claims that "based on [Appellant's] colloquy, it is clear he did not understand the line between prohibited and permissive behavior." The evidence shows otherwise. Appellant made clear that the terms he used were terms that he knew to search pornography that "could return images that were illegal and potentially child pornography, but [he] entered them anyway." He specifically told the military judge, "While it is not easy for me to admit, I fully acknowledge that me typing in those search terms and attempting to visit a website that potentially contained child exploitive material was wrong."

We are not convinced that Appellant searching for "teen nude selfie" or trying to visit other similar websites is constitutionally protected. Again,

Appellant has not met his burden of establishing that the military judge abused her discretion in accepting his plea of guilty.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. *See* Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court